HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 395-7620
Facsimile:   (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
SUSANNA L. CHENETTE, SBN 257914
schenette@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

***Attorneys for Plaintiff***
PAC FILL, INC. dba Sun Dairy

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PAC FILL, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SAEED "STEVE" DASHTI, an individual, and BIBI UNITED GROUP INC., a California corporation,<br><br>        Defendants. | Case No. 2:26-cv-03645<br><br>**COMPLAINT FOR:**<br><br>**1)  LANHAM ACT COMMON-LAW TRADEMARK INFRINGEMENT;**<br>**2)  CALIFORNIA UNFAIR COMPETITION;**<br>**3)  CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT; and**<br>**4)  CALIFORNIA COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Pac Fill, Inc., doing business as Sun Dairy ("Sun Dairy" or "Plaintiff"), for its complaint against Saeed "Steve" Dashti ("Dashti") and Bibi United Group, Inc. ("Bibi United") (collectively, "Defendants") alleges, upon personal knowledge with respect to itself and its acts and upon information and belief as to all others, as follows.

22901832.1

## NATURE OF ACTION

1.     Plaintiff Sun Dairy is a producer and distributor of natural dairy products for over fifty years. In particular, Sun Dairy has produced and distributed dairy products in connection with its ABALI trademark (the "ABALI Mark") since at least 1984, including, among other things, yogurt, yogurt soda, kefir, and other yogurt drinks. Yogurt soda, known as *doogh* or *dough*, is a popular beverage consumed widely throughout the world. From its factory in Los Angeles, Sun Dairy's ABALI brand products have enjoyed distribution throughout the United States. Sun Dairy's ABALI Mark is distinctive and recognized by consumers as an indicator of source in Sun Dairy. This action arises from Defendants' unauthorized use of ABALI (and close variants) as an indicator of source in connection with identical and directly-competing products, including but not limited to yogurt sodas. On information and belief, Defendants' competing ABALI products are of Iranian origin and/or enter the United States in violation of federal sanctions administered by the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") and lack authorization required under the Iranian Transactions and Sanctions Regulations, 31 C.F.R. part 560 ("ITSR"), including the general prohibition on the importation into the United States of goods or services of Iranian origin. Defendants' use began four decades after Sun Dairy's trademark rights arose and is likely to lead to consumer confusion. Additionally, Defendants have wrongfully applied to register ABALI at the United States Patent and Trademark Office, as well as in California, in derogation of Sun Dairy's rights. Accordingly, Sun Dairy is compelled to bring this action to protect its valuable trademark and the goodwill embodied therein from Defendants' infringement.

## PARTIES

2.     Plaintiff Sun Dairy, under the name Pac Fill, Inc., is a corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.

22901832.1

3.      On information and belief, Defendant Saeed Dashti, who also uses the names "Steve" and "Steve S.," is an individual residing in or domiciled in West Hills, Los Angeles, California.

4.      On information and belief, Defendant Bibi United Group Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business in Encino, Los Angeles, California.

5.      On information and belief, at all times herein mentioned, each defendant was the agent, employee, joint venturer, aider and abettor, alter ego, and co-conspirator of or with each of the other defendants, and, in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, joint venture, and conspiracy, and each defendant ratified and approved the acts of the remaining defendants.

### JURISDICTION AND VENUE

6.      This is an action for infringement of trademark and unfair competition in violation of 15 U.S.C. § 1125(a)(1), and related state-law claims. The Court has jurisdiction over the subject matter of Plaintiff's claims for relief arising under the United States Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has jurisdiction over the subject matter of Sun Dairy's state law claims under 28 U.S.C. § 1367 because they form part of the same case or controversy as Sun Dairy's federal law claims.

7.      The Court has personal jurisdiction over Defendant Dashti because he resides in or is domiciled in this judicial district.

8.      The Court has personal jurisdiction over Defendant Bibi United because it is incorporated under the laws of California and because its principal place of business is in this judicial district.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (b)(2) because all Defendants reside in California and at least one Defendant resides in this

22901832.1

judicial district; and because a substantial part of the events or omissions giving rise to Sun Dairy's claims occurred in this district.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### *Sun Dairy and its ABALI Trademark*

10.     Sun Dairy was founded over 40 years ago. It was and remains today a family-owned business. Sun Dairy produces its dairy products in its Los Angeles-based production facility for distribution and sale throughout the United States.

11.     Beginning at least as early as 1984, Sun Dairy has produced, distributed, sold, offered for sale, marketed, and promoted in United States commerce high-quality, signature yogurt drinks such as yogurt soda—among many other dairy products—under the ABALI Mark. Examples of Sun Dairy's yogurt drink products are depicted below:





12.     Specifically, Sun Dairy's yogurt drink goods produced, distributed, sold, and marketed in connection with the ABALI Mark include a specific type of fermented-dairy beverage, with a distinctive savory flavor, known as *doogh* (or *dough*) in Farsi (the Persian language). *Doogh* originates from Persian culture in what is now Iran. *Doogh* is enjoyed by communities in and originating from Iran as well as Afghanistan, Azerbaijan, and Armenia, in addition to the general consuming public of the United States.

13.     Sun Dairy distributes and sells its dairy products in connection with the ABALI Mark through a network of third-party retailers, such as grocery stores and convenience stores, found both in California and throughout the United States.

14.     As a result, Sun Dairy owns valid and subsisting common-law trademark rights in the ABALI Mark due its longstanding and widespread use of the mark as an indicator of source throughout the United States.

15.     The ABALI Mark is distinctive to both the consuming public and the relevant industry.

16.     The goods produced, distributed, sold, and marketed by Sun Dairy in connection with the ABALI Mark are of high quality.

Case No. 2:26-cv-03645

22901832.1

17. Since at least as early as 2010, Sun Dairy has owned federal trademark registrations for its ABALI Mark including in Class 29 for dairy-based beverages and related products. Most recently, Sun Dairy's Reg. No. 5616793 inadvertently lapsed on June 6, 2025.

18. On September 5, 2025, Sun Dairy remedied this by filing a trademark application for the ABALI Mark (Ser. No. 99376654), which the United States Patent and Trademark Office (USPTO) approved and published for opposition on March 3, 2026.

19. Sun Dairy is the owner of the following United States trademark applications for the ABALI Mark at the USPTO :

| Serial No. | Mark | Filed | Goods |
|---|---|---|---|
| 99376654 | **ABALI** | Sep. 5, 2025 | Yogurt; Yogurt drinks; Cream, being dairy products; Dairy-based beverages |
| 99383381 | **ABALI** | Sep. 9, 2025 | Dairy-based beverages; Yogurt; Yogurt drinks; Cream, being dairy products |
| 99395282 | **ABALI** | Sep. 16, 2025 | Kefir beverages; Kefir cheese; Carbonated yogurt beverages; Yogurt-based dips; Sour cream; Feta cheese |

True and correct copies of these applications and printouts of the current status from the USPTO database are attached to this Complaint as **Exhibit 1**.

*Defendants' Use of and Acts to Register ABALI and its Farsi Equivalent*

20. On information and belief, Dashti is the chief executive officer, chief financial officer, and corporate secretary of Bibi United; is the principal or primary owner of Bibi United; and personally controls and directs the actions of Bibi United.

21. On information and belief, Dashti is the moving, active, and conscious force behind Bibi United's conduct complained of herein.

22. On information and belief, Defendants are engaged in the business of producing, importing, distributing, or selling consumer products including dairy-based food products.

COMPLAINT

22901832.1

23.     Without Sun Dairy's authorization and well after Sun Dairy's trademark rights arose, Defendants began  importing, distributing, selling, or offering for sale yogurt soda beverages in connection with the mark دوغ آب‌علی ("Defendants' Mark") as depicted below.

24.     Defendants' Mark depicts wording in the Farsi language which translates to English as "Abali Yogurt Drink."

25.     Defendants' use of Defendants' Mark began over forty years after Sun Dairy's first use of the ABALI Mark.

26.     Consumers are likely to perceive Defendants' Mark as "Abali Yogurt Drink." This phrase's primary and dominant element is therefore identical to the ABALI Mark, appended with the descriptive wording "yogurt drink" which is non-distinctive.

27.     Defendants import, distribute, sell, or offer for sale infringing goods under Defendants' Mark in overlapping or similar channels of trade as Sun Dairy, including but not limited to grocery stores and convenience stores, including without limitation in this District.

28.     On November 27, 2025, Defendant Dashti filed United States Trademark Application Serial No. 99519810 at the USPTO (the "Dashti USPTO Application") to register Defendants' Mark in the below-depicted stylized form on

22901832.1

an intent-to-use basis under 15 U.S.C. § 1051(b) in connection with the goods "Dairy-based beverages; Yogurt drinks; Yogurts; Kefir; Cream, being dairy products; Buttermilk; Cheese; Soft cheese; Egg whites; Whipping cream":



29.     The Dashti USPTO Application was signed by Dashti and contains the following statement made under penalty of perjury: "The Persian characters in this mark transliterate to Doogh Abali and this means The English translation of 'دوغ آبعلی' is 'Abali Yogurt Drink.' in English" (*sic.*).

30.     On December 8, 2025, Defendant Dashti, in his personal name, filed an application to register with the California Secretary of State the trademark ABEALI DOOGH in the stylized form depicted below, in connection with "Milk; yogurt; cream cheese; processed cheese; feta cheese; mozzarella cheese; hard cheeses, including cheddar, gouda, and parmesan; cheese spreads; butter; creams; whipped cream; yogurt-based beverages; non-alcoholic yogurt-based beverages, including plain doogh, mint-flavored doogh, carbonated doogh, and doogh containing herbs such as wild thyme (ziziphora); fermented milk beverages; coffee-flavored milk beverages; cocoa-flavored milk beverages." The application was granted and issued Reg. No. 02050535 (the "Dashti '535 California Registration").



22901832.1

31.     The Dashti '535 California Registration includes, in the "Description of Mark" section, the statement (in relevant part) "The mark consists of the Persian words 'غود يلغبآ' displayed in a stylized blue calligraphic script. …," despite disagreeing with the drawing of the mark, and includes a disclaimer of the word "DOOGH." The Dashti '535 California Registration includes the statement "The applied-for mark contains no non-English wording. No translation is required."

32.     On January 13, 2026, Sun Dairy sent a cease-and-desist letter to Defendants notifying Defendants of Sun Dairy's ABALI Mark and explaining that Defendants' use and registration of Defendants' Mark is likely to cause consumer confusion. Sun Dairy demanded that Defendants cease all use of Defendants' Mark and expressly abandon the Dashti USPTO Application, among other things.

33.     On February 20, 2026, Defendant Dashti, in his personal name, filed an application to register with the California Secretary of State Defendants' Mark, in stylized form in connection with "Milk; yogurt; cream cheese; processed cheese; feta cheese; mozzarella cheese; hard cheeses, including cheddar, gouda, and parmesan; cheese spreads; butter; creams; whipped cream; yogurt-based beverages; non-alcoholic yogurt-based beverages, including plain dooph, mint-flavored doogh, carbonated doogh, and doogh containing herbs such as wild thyme (ziziphora); fermented milk beverages; coffee-flavored milk beverages; cocoa-flavored milk beverages." The application was granted and issued Reg. No. 02052119 (the "Dashti '119 California Registration").

34.     The Dashti '119 California Registration includes a translation of the mark depicted therein as "ABALI YOGURT SODA" (from Farsi to English). The Dashti '119 California Registration includes a disclaimer from protection of the wording "yogurt drink."

35.     Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' goods, and have and are likely to deceive the

Case No. 2:26-cv-03645
COMPLAINT

relevant consuming public into believing, mistakenly, that Defendants' goods originate from, are associated or affiliated with, or otherwise authorized by Sun Dairy.

36.     On information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Sun Dairy's ABALI Mark, cause confusion and deception in the marketplace, and divert potential sales of Sun Dairy's goods to Defendants.

**FIRST CLAIM FOR RELIEF**

**(Lanham Act Trademark Infringement under 15 U.S.C. § 1125(a)(1)(A))**

37.     Sun Dairy restates the foregoing paragraphs as if set forth here in full as part of this claim for relief.

38.     Sun Dairy is the owner of the ABALI trademark, which it has used in United States commerce as an indicator of source since long prior to any first use or applications to register similar marks by Defendants.

39.     Defendants' above-averred actions constitute use in commerce of a mark in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods in a manner that is likely to cause confusion, to cause mistake, or to deceive, including but not limited to as to affiliation, connection, or association of Sun Dairy with Defendants, or as to the origin, sponsorship, or approval of the goods offered in connection therewith. Sun Dairy has been and is likely to be damaged by these acts.

40.     Defendants' acts greatly and irreparably damage Sun Dairy and will continue to damage Sun Dairy unless restrained by this Court. Sun Dairy is without an adequate remedy at law in that the amount of damages is difficult to ascertain with certainty and because Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Sun Dairy, and to its goodwill and reputation. Accordingly, Sun Dairy is entitled to, among other relief, an order

22901832.1

permanently enjoining and restraining Defendants from using the complained-of mark.

41. Sun Dairy is also entitled to an order from this Court under 15 U.S.C. § 1119 directing the USPTO to deny registration of the Dashti USPTO Application. Sun Dairy is also entitled to an order from this Court under Cal. Bus. & Prof. Code § 14230 directing the Secretary of State of California to cancel the Dashti '119 California Registration and the Dashti '535 California Registration.

42. Upon information and belief, Defendants' conduct as alleged herein is willful.

43. As a result of Defendants' infringement, Sun Dairy has suffered damages in an amount to be proven at trial.

44. Sun Dairy is further entitled to recover Defendants' profits attributable to its infringement of Sun Dairy's trademark rights.

**SECOND CLAIM FOR RELIEF**

**(California Unfair Competition under Cal. Bus. & Prof. Code § 17200)**

45. Sun Dairy restates the foregoing paragraphs as if set forth here in full as part of this claim for relief.

46. Defendants' above-averred actions related to use of marks confusingly similar to Sun Dairy's ABALI Mark constitute unlawful, unfair, or fraudulent business practices.

47. As a direct and proximate result of the above-described deceptive trade practices, Sun Dairy has suffered and is suffering irreparable injury. Sun Dairy will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

**THIRD CLAIM FOR RELIEF**

**(California Common Law Trademark Infringement)**

48. Sun Dairy restates the foregoing paragraphs as if set forth here in full as part of this claim for relief.

22901832.1

49.    Defendants' above-averred action related to use of marks confusingly similar to Sun Dairy's ABALI Mark constitute infringement and passing-off in violation of the common law of California.

## FOURTH CLAIM FOR RELIEF

### (California Common Law Unfair Competition)

50.    Sun Dairy restates the foregoing paragraphs as if set forth here in full as part of this claim for relief.

51.    Defendants have misappropriated for themselves the commercial value of the ABALI Mark in conscious disregard of Sun Dairy's rights, and have impaired the value of Sun Dairy's goodwill in its marks among consumers.

52.    In conducting such acts, Defendants are guilty of oppression, fraud, or malice, as defined in Cal. Civ. Code. § 3294.

## PRAYER FOR RELIEF

Plaintiff Sun Dairy prays that judgment be entered against Defendants as follows:

1.    That Defendants, their principals, officers, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary company, attorney and representatives, and all of those in privity with or acting under their direction or pursuant to their control, be preliminarily and permanently enjoined and restrained from directly or indirectly:

   a.    To immediately and forever cease all infringing use of Defendants' Mark or any marks confusingly similar to the ABALI Mark;

   b.    Registering, seeking to register, or continuing to prosecute applications to register Defendants' Mark or any marks confusingly similar to the ABALI Mark; and

22901832.1

c. Assisting, aiding, or abetting any person or entity in engaging in or performing any of the activities referred to in the above subparagraphs.

2. That Defendants be required to:

a. Account for and pay to Sun Dairy all profits derived by its acts of infringement and unfair competition;

b. Pay to Sun Dairy the amount of all damages incurred by Sun Dairy as a result of Defendants' acts of infringement and unfair competition, including that such damages be increased due to the willful nature of Defendants' infringement;

c. Pay to Sun Dairy the costs of this action, together with reasonable attorney's fees and disbursements, in accordance with 15 U.S.C. § 1117 and Cal. Civ. Code § 1021.5;

d. Pay to Sun Dairy exemplary and punitive damages by reason of Defendants' acts of unfair competition, in accordance with Cal. Civ. Code § 3294 and the common law of the State of California; and

e. Award to Sun Dairy the costs and expenses of this litigation as well as pre-judgement interest.

3. That the Court order:

a. The USPTO to deny registration of the Dashti USPTO Application, or to cancel any registration resulting therefrom, in accordance with 15 U.S.C. § 1119;

b. The Secretary of State of California to cancel the Dashti '119 California Registration and the Dashti '535 California Registration in accordance with Cal. Bus. & Prof. Code § 14230; and

COMPLAINT

Case No. 2:26-cv-03645

22901832.1

c.    Such further relief as may be appropriate with respect to any of Defendants' trademark application(s) or potential registration(s) of Defendants' Mark, or any marks confusingly similar to the ABALI Mark, including relief determining the parties' respective rights thereto.

4.    All such other and further relief as the Court deems just and proper.

DATED:  April 6, 2026                HANSON BRIDGETT LLP


By:    /s/ Raffi V. Zerounian
RAFFI V. ZEROUNIAN
GARNER WENG
JUSTIN P. THIELE
SUSANNA L. CHENETTE

**Attorneys for Plaintiff**
PAC FILL, INC. dba Sun Dairy

22901832.1

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38 and Local Rule 38-1, Plaintiff Pac Fill, Inc. demands a trial by jury on all issues so triable.

DATED:  April 6, 2026                    HANSON BRIDGETT LLP


By:      */s/ Raffi V. Zerounian*
         RAFFI V. ZEROUNIAN
         GARNER WENG
         JUSTIN P. THIELE
         SUSANNA L. CHENETTE

         **Attorneys for Plaintiff**
         PAC FILL, INC. dba Sun Dairy

22901832.1