UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3645PA (BFMx) | | Date | June 19, 2026 |
|---|---|---|---|---|
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS — COURT ORDER

Before the Court is a Motion to Strike, or in the alternative to Dismiss Amended Counterclaim ("Motion") filed by plaintiff Pac Fill, Inc. ("Pac Fill" or "Plaintiff"). (Docket No. 35.) The Motion is fully briefed. (Docket Nos. 36, 37, 42.)[1] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matters is appropriate for decision without oral argument. The hearing calendared for June 29, 2026, is vacated, and the matter taken off calendar.

I.      **Factual and Procedural Background**

Dashti, who is appearing pro se, filed a Complaint in Los Angeles County Superior Court that was removed by Pac Fill to this Court on March 30, 2026 in the related case Steve Dashti v. Pac Fill, Inc., CV 26-3385 PA (BFMx). That Complaint alleged state law claims arising out of Pac Fill's attempt to stop Dashti from using the "ABALI" mark in his food and beverage business involving dairy-based products, including yogurt drinks. On May 14, 2026, the Court granted Pac Fill's Motion to Dismiss Dashti's state law claims for Unfair Competition (Cal. Bus. & Prof. Code § 17200) ("UCL") and Interference with Prospective Economic Advantage without leave to amend. (CV 26-3885 PA (BFMx) Docket No. 27.) The Court granted the

---

[1]      Although defendant Saeed ("Steve") Dashti ("Dashti" or "Defendant") has been repeatedly cautioned of the requirement that he comply with the Court's Orders and the Local Rules in both this matter and in the related case, Steve Dashti v. Pac Fill, Inc., CV 26-3385 PA (BFMx), Dashti filed, in addition to an Opposition to the Motion to Dismiss, an unauthorized second Opposition. (Docket No. 46.) Plaintiff filed an objection to this filing and asked that the Court strike it. (Docket No. 49.) Because Defendant's second Opposition brief constitute supplemental briefing that is unauthorized under the Local Rules, the Court grants Plaintiff's request, and strikes Docket No. 46. See Local Rules 7-5, 7-9, 7-10 and the Court's Standing Order (Docket No. 14) (**"No supplemental brief shall be filed without prior leave of Court."**) (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3645PA (BFMx) | | Date | June 19, 2026 |
|---|---|---|---|---|
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | | |

Motion because those claims were based on allegations of prelitigation conduct protected by California's statutory litigation privilege, Cal. Civ. Code § 47(b), specifically, Pac Fill's January 19, 2026 cease and desist letter threatening legal action absent compliance, and its follow-up communications.  (Id.)[2/]

On April 6, 2026, Pac Fill filed this related action against Dashti and his associated corporation, Bibi United Group, Inc. ("Bibi"), based on Dashti's use of the ABALI mark.  Pac Fill's First Amended Complaint ("FAC") asserts claims for:  (1) Lanham Act Registered Trademark Infringement under 15 U.S.C. § 1114(a); (2) Lanham Act Common Law Trademark Infringement under 15 U.S.C. § 1125 (a)(1)(A); (3) California Unfair Competition under Cal. Bus. & Prof. Code § 17200; (4) California Common Law Trademark Infringement; and (5) California Common Law Unfair Competition.  Pac Fill seeks an injunction enjoining Dashti and Bibi using or seeking to register the ABALI mark or any marks confusingly similar to the ABALI mark.  Pac Fill also seeks an accounting, damages, and attorney's fees, and requests that the Court order the United States Patent and Trademark Office ("USPTO") to deny or cancel Dashti's pending USPTO trademark registration application, and the Secretary of the State of California to cancel Dashti's registered ABALI mark.  (Docket No. 15.)

On May 16, 2026, Dashti filed an Amended Answer and Amended Counterclaim ("AC"). (Docket No. 31.)  The AC asserts claims for:  (1) Intentional Interference with Prospective Economic Advantage; (2) Unfair Competition under Cal. Bus. & Prof. Code § 17200; and (3) Declaratory Relief.  After filing the AC, Pac-Fill warned Dashti in writing that his first two counterclaims were frivolous, and that Pac Fill would be filing this anti-SLAPP Motion and intended to seek monetary sanctions.  Dashti did not respond to opposing counsel, and did not dismiss his two counterclaims.

---

[2/]     In connection with its Motion, Pac Fill requests that the Court take judicial notice of: (1) the Complaint filed by Dashti in Dasthti v. Pac Fill Inc., CV 26-3385 PA (BFMx); and (2) the Court's Order granting Pac Fill's Motion to dismiss in Dasthti v. Pac Fill Inc., CV 26-3385 PA (BFMx).  (Docket No. 35-3.)  Under Federal Rule of Evidence 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court may take judicial notice of its own files and of documents filed in other courts.  Reyn's Pasta Bella, LLC v. Vista USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006). Dashti did not object to Pac Fill's Request for Judicial Notice.  The Court therefore grants the request.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3645PA (BFMx) | Date | June 19, 2026 |
|---|---|---|---|
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | |

Pac Fill now moves to dismiss and strike Dashti's state law claims, contending both that those claims should be stricken pursuant to California's anti-SLAPP procedure and that, in the alternative, the claims should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). If its anti-SLAPP Motion is granted, Pac Fill also requests an award of attorneys' fees and costs. Moreover, Pac Fill asks the Court to impose sanctions under 28 U.S.C. § 1927 and the Court's inherent authority based on Dashti's repeated failure to meet and confer, his refusal to dismiss his two counterclaims after being warned in writing, and his general disregard for the Court's Orders and the Local Rules. (See Docket Nos. 22, 27, 28, 35-2, 40, 41, 47, 48, 49; CV 26-3385 PA (BFMx) Docket Nos. 25, 26, 27, 38, 43.)

## II.    Legal Standard

### A.    Anti-SLAPP Motion to Strike

"The anti-SLAPP [Strategic Lawsuits against Public Participation] statute was enacted to allow early dismissal of meritless [F]irst [A]mendment cases aimed at chilling expression through costly, time-consuming litigation." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001). "Under the statute, a civil defendant may move to strike a cause of action based on an 'act in furtherance of [the] right to petition or free speech.'" Id. at 839–40 (quoting Cal. Civ. Proc. Code § 425.16(b)). Although it is a state procedural rule, the Ninth Circuit has held that Cal. Civ. Proc. Code § 425.16(b)'s procedures may be used to dismiss state law claims pending in federal court. United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 973 (9th Cir. 1999). "Anti-SLAPP motions are hybrids of motions to dismiss and motions for summary judgment." Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 890 F.3d 828, 836 (9th Cir. 2018). "[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." Id. at 834. "And, on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard [applies]." Id.

### B.    Motion to Dismiss

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3645PA (BFMx) | Date | June 19, 2026 |
|---|---|---|---|
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | |

U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).

## III.    Analysis

### A.    Anti-SLAPP Motion

A court tasked with resolving an anti-SLAPP motion under California Code of Civil Procedure § 425.16(b) employs a two-step process:

> First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken "in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3645PA (BFMx) | Date | June 19, 2026 |
|---|---|---|---|
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | |

furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue," as defined in the statute.  If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.

Equilon Enters., LLC v. Consumer Cause, Inc., 29 Cal. 4th 53, 67, 124 Cal. Rptr. 2d 507, 518 (2002) (citation omitted).  "Only a cause of action that satisfies both prongs of the anti-SLAPP statute – i.e., that arises from protected speech or petitioning and lacks even minimal merit – is a SLAPP, subject to being stricken under the statute."  Navellier v. Sletten, 29 Cal. 4th 82, 89, 124 Cal. Rptr. 2d 530, 536 (2002) (emphasis omitted).

### 1.    Petitioning Conduct

Pac Fill argues that Dashti's first and second counterclaims for interference with a prospective economic advantage and unfair competition arise from protected petitioning activity–the cease and desist letter and related communications, and the filing of this trademark enforcement action.  The Court agrees with Pac Fill that this conduct is "quintessential" pre litigation petitioning activity, and that the filing of this lawsuit is a "definitive exercise" of the right to petition.  In response, Dashti argues that his claims are not only directed at the prelitigation communications, but also at the lack of a legal basis for Pac Fill's assertion of its trademark rights.  (Opp.n at pp 7-8.)  However, no matter how Dashti characterizes the alleged wrongful conduct, the fact remains that it all occurred in the context of protected prelitigation communications between Pac Fill and Dashti.

### 2.    Reasonable Probability of Prevailing & Defenses

Upon a showing that Dashti's two counterclaims arise from a protected activity, "the burden then shifts to the SLAPP plaintiff to establish by a 'reasonable probability' that the [SLAPP] plaintiff will prevail on the claim and that the [moving party's] purported constitutional defenses are not applicable to the case as a matter of law or by a prima facie showing of facts which, if accepted by the trier of fact, would negate such defenses."  United States ex rel. Newsham, 190 F.3d at 971 (internal quotations omitted).

Dashti fails to meet his burden of demonstrating a reasonable probability of prevailing on his counterclaims or he that he could negate any of Pac Fill's constitutional defenses.  The Opposition and the Declaration that he filed in response to the Motion, are instead focused on the evidence and arguments he has on the merits of the trademark infringement and cancellation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3645PA (BFMx) | Date | June 19, 2026 |
|---|---|---|---|
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | |

claims asserted against him, and of his counterclaim against Pac Fill for declaratory relief as to the parties' trademark rights. (See Opp'n. at pp. 5–10; Dashti Dec. (Docket No. 37) at ¶¶ 4-10.) Dashti makes no showing at all as to why the conduct forming the basis of his counterclaims is not protected by California's statutory litigation privilege, and why as a result, his counterclaims are not subject to dismissal for the same reasons as his claims in the related action. Pac Fill's communications threatening litigation simply cannot serve as the basis for Dashti's state law tort and unfair competition claims. See Edwards v. Centex Real Est. Corp., 53 Cal. App. 4th 15, 29 (1997) ("the privilege has been extended to any communication . . . and to *all* torts other than malicious prosecution") (emphasis in original). Accordingly, the Court concludes that Pac Fill has satisfied the elements of the anti-SLAPP inquiry, and grants Pac Fill's Motion to Strike.[3]

### B. Attorney's Fees

Pac Fill also asks that Court grant its request for attorneys' fees and costs in connection with the filing of this Motion under California Code Civil Procedure § 425.16(c)(1). Section 425.16(c)(1) provides that "a prevailing defendant on a special motion to strike shall be entitled to revcover that defendant's attorney's fees and costs." As the prevailing party, Pac Fill is thus entitled to its attorney's fees and costs related to the filing of this Motion.

Pac Fill indicated in its briefing that, in the event that the Court grants the Motion to Strike, it will then file a separate motion for attorney's fees and costs. (Reply at p. 7.) In order to facilitate the Court's resolution of such a motion, the Court orders that Plaintiff file its motion for attorneys' fees and costs by no later than July 13, 2026. Plaintiff's motion shall contain sufficient detail regarding the hourly rates for each lawyer, paralegal, or other person that has billed time in connection with the preparation of the Motion to Strike, the number of hours worked, and the description of the work performed. Plaintiff shall also support its motion with all evidence that will be used to support the fees requested and the related costs.

Defendant's response to the Motion, if any, shall be filed by no later than July 20, 2026. Plaintiff's Reply, if any, shall be filed by no later than July 27, 2026. The matter will then be taken under the submission, and the Court will inform the parties if a hearing will be necessary.

---

[3] Because the Court grants Pac Fill's Motion to Strike under the anti-SLAPP statute, it does not address the merits of the Motion to Dismiss the two counterclaims for failure to state a claim under Rule12(b)(6). That Motion is denied as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3645PA (BFMx) | | Date | June 19, 2026 |
| --- | --- | --- | --- | --- |
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | | |

### C.      Sanctions

Lastly, Pac Fill requests that the Court impose sanctions under 28 U.S.C. § 1927.  28 U.S.C. § 1927 authorizes sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously . . . ."  28 U.S.C. § 1927.  Section 1927 requires a finding of recklessness or bad faith.  In re Keegan Mgmt. Co., 78 F.3d 431, 436 (9th Cir. 1996) ("'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" (quoting Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir. 1986)).  "Section 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced."  Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1117 -18 (9th Cir. 2000).  Section 1927 also applies to pro se litigants.  See Wages v. IRS, 915 F.2d 1230, 1235-36 (9th Cir. 1990).

Although the Court agrees with Pac Fill that Dashti's conduct has "unreasonably and vexatiously multiplied the proceedings in this case," it believes that the appropriate sanction is the award of the attorneys' fees and costs incurred in connection with this Motion.  Because the Court has already granted that relief, it declines to impose additional monetary sanctions at this time.  Defendant is again warned, however, that any future violation of the Local Rules, the Federal Rules of Civil Procedure, or the Court's Orders, or any further conduct that unreasonably and vexatiously multiplies these proceedings, including the filing of Motions, supplemental briefs, or "Requests" for relief that fail to comply with the Local Rules, or the failure to meet and confer or respond to opposing counsel, will result in the imposition of sanctions, including dismissal of Defendant's remaining counterclaim and monetary sanctions.

### Conclusion

For all of the foregoing reasons, the Court grants Plaintiff's Motion to Strike, and denies Plaintiff's Motion to Dismiss as moot.  Plaintiff's motion for attorneys' fees and costs as the prevailing party under Cal. Civ. Proc. Code 425.16(c)(1) shall be filed in accordance with the briefing schedule and guidelines set forth above.  The Court denies Plaintiff's request for sanctions under 28 U.S.C. § 1927.

IT IS SO ORDERED.