HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 395-7620
Facsimile:    (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
SUSANNA L. CHENETTE, SBN 257914
schenette@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

*Attorneys for Plaintiff*
PAC FILL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAC FILL, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAEED "STEVE" DASHTI, an individual; and BIBI UNITED GROUP INC., a California corporation,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:26-cv-03645 PA (BFMx)<br><br>**PLAINTIFF PAC FILL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS (CCP § 426.16)**<br><br>Date:　　　N/A<br>Time:　　　N/A<br>Crtrm.:　　9A<br>Judge:　　　Hon. Percy Anderson<br><br>Action Filed:　April 6, 2026<br>Trial Date:　　April 6, 2027 |

## I.    INTRODUCTION

This Motion for Attorneys' Fees and Costs is brought by Plaintiff Pac Fill, Inc. pursuant to the Court's Order Granting Motion to Strike (Dkt. No. 50), in which the Court found, "As the prevailing party, Pac Fill is thus entitled to its attorney's fees and costs related to the filing of this Motion." (*Id.* at 6.) Pursuant to the Court's Order, this motion will be taken under submission (*id.*); and accordingly, no hearing date is being set.

As set forth in this Motion and the supporting declaration, Pac Fill incurred $27,854.10 in attorneys' fees in reviewing and assessing Dashti's counterclaims, researching and preparing the anti-SLAPP motion, reviewing Dashti's first opposition brief and unauthorized second opposition brief (together with their copious exhibits), preparing its reply brief, and tending to other necessary actions inherent in the defense of the anti-SLAPP motion—such as reviewing Dashti's motion for reconsideration that sought to reopen the anti-SLAPP motion—as well as preparing this motion for fees—and $516 in Westlaw charges for legal research. Additionally, Pac Fill estimates $5,000 in attorneys' fees for reviewing any opposition to this motion and preparing any reply. Accordingly, Pac Fill requests an award of $33,370.10. This is well within the ranges of attorneys' fees awarded in this District (and comparable Districts) following other successful anti-SLAPP motions. These numbers are set forth further in the Declaration of Garner Weng, filed herewith ("Weng Decl."), which details the hourly rates and includes a report with the specific time entries.

Building on what was discussed in the anti-SLAPP motion, Dashti only continues to unreasonably and vexatiously multiply the proceedings in this case. In the latest, Dashti has filed a new state court action against Pac Fill that plainly relates to the same subject matter as already before the Court in this case and the parallel, related case, Case No. 26-03385 PA (BFMx). (Weng Decl. ¶ 13 & Ex. 3.)

Pac Fill asks the Court to grant its motion, and given Dashti's history and continuing behavior, to set a deadline for his payment of the award.

## II.   STATEMENT OF FACTS

For context, in the parallel and related action before this Court, Case No. 26-03385 PA (BFMx) ("Case No. 3385"), Pac Fill filed a motion to dismiss Dashti's complaint, and on May 14, 2026, the Court ordered dismissal of the claims for intentional interference with prospective economic advantage and unfair competition under Business & Professions Code section 17200 without leave to amend. (Case No. 3385, Dkt. No. 27.) In the instant action, Dashti filed a Counterclaim and an Amended Counterclaim, both of which included essentially the same two claims for interference and unfair-competition as his Complaint in Case No. 3385. (*Compare* Case No. 3385 Complaint *with* Counterclaim *and* Amended Counterclaim (Dkt. Nos. 26 and 31).) Pac Fill filed an anti-SLAPP motion to strike those two claims, which the Court granted. (Dkt. No. 50.)

Throughout the briefing of the anti-SLAPP motion, Dashti's actions and filings directly affected the amount of work for which fees are requested here. As examples, Pac Fill had to make numerous attempts to meet and confer with Dashti under Local Rule 7-3, with Dashti refusing to participate (Dkt. No. 50); Dashti filed a first set of opposition papers that included 18 pages of single-spaced argument and 30+ pages of exhibits (Dkt. No. 36); and he then filed an unauthorized second set of opposition papers that included an additional 10 single-spaced pages (Dkt. No. 46), for which Pac Fill objected and for which the Court ultimately sustained the objection and struck the filing (Dkt. Nos. 48, 49, 50).

Moreover, after the Court granted the anti-SLAPP motion, Dashti filed a Motion for Reconsideration seeking to reopen the anti-SLAPP motion (Dkt. No. 60), a supporting Declaration (Dkt. No. 61), and 20 single-spaced pages of "Comparative Analysis of the Record and the Court's Order" (Dkt. No. 63), none of which

followed applicable rules or procedure and for which Pac Fill objected—and for which the Court ultimately struck the filings (Dkt. Nos. 66, 69, 72).

If that were not enough, on or about July 1, 2026, Dashti filed a new Complaint against Pac Fill, Inc. (dba Sun Dairy) in the Superior Court of California, County of Los Angeles, Case No. 26VECV03848. (Weng Decl. ¶ 13 & Ex. 3.) The Complaint runs over the same ground as numerous filings that Dashti has made or attempted in this case or in Case No. 3385—and seeks declaratory relief relating to Pac Fill's "asserted commercial damage claims against" Dashti. (*Id.*)

## III.    DISCUSSION

### A.    Legal Standards

The amount of an attorneys' fee award under the anti-SLAPP statute is computed in accordance with the lodestar method, under which the court "multipl[ies] the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work." *569 East County Blvd. LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 432 (2016); *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000).

The reasonable hourly rate is "the hourly amount to which attorneys of like skill in the area would typically be entitled" based on the prevailing market rate for private attorneys in the community conducting noncontingent litigation of the same type. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133. In making its rate determination, the court may rely on its own knowledge and familiarity with the legal market, as well as the experience, skill, and reputation of the attorney requesting fees, the difficulty or complexity of the litigation, and rate determinations in comparable cases. *569 East County*, 6 Cal. App. 5th at 434.

The party seeking fees bears the burden of documenting the hours expended and hourly rates. *569 East County*, 6 Cal. App. 5th at 432. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he

been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

**B.     The Work for Which Fees are Requested Is All Within the Allowed Scope of Recoverable Fees.**

A prevailing party is entitled to fees and costs "incurred in connection with" the anti-SLAPP motion. *569 East County*, 6 Cal. App. 5th at 433. The award properly includes both the fees incurred litigating the motion to strike itself (the "merits fees") and the fees incurred litigating the fee award ("the fees on fees"). *Id.* (citing *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15, 21 (2006)); *Ketchum*, 24 Cal. 4th at 1133–34.

The fees requested here are detailed with timekeeper, time expended, timekeeper hourly rate, and a description of the work in the accompanying declaration. (Weng Decl., Ex. 1.) They are also summarized by category in this memorandum. *See infra* § III.C.

The work here all falls within the scope of recoverable fees under California Code of Civil Procedure § 425.16(c)(1):

- **Opening brief and supporting papers.** As part of the prerequisite for filing the motion, Pac Fill made multiple written attempts to confer with Dashti, but Dashti refused to set a time to discuss the substance of the anti-SLAPP motion. Pac Fill researched and prepared its Motion to Strike (Dkt. No. 35), including the legal brief and accompanying declaration, request for judicial notice, and proposed order. As a note, fees on a concurrent motion to dismiss are recoverable where the arguments are "inextricably intertwined" with the anti-SLAPP motion. *Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, No. S-14-0666 KJM CKD, 2014 WL 5698448 (E.D. Cal. Nov. 4, 2014). Here, the second prong of the anti-SLAPP analysis required discussion of Dashti's probability of prevailing on his claims—fully overlapping

with the corresponding inquiry under the Rule 12(b)(6) failure to state a claim. Every argument in the motion to dismiss went to why Dashti's claims fail as a matter of law and was simultaneously necessary for the anti-SLAPP analysis.

- **Reply brief.** Dashti filed two opposition briefs totaling over 36 pages of argument and an additional 30 pages of exhibits. Pac Fill reviewed these opposition papers and researched and prepared its Reply (Dkt. No. 42) for the Motion to Strike.

- **Dashti's Motion for Reconsideration.** On June 27, 2026—eight days after the Court entered its Order—Dashti filed a Motion for Reconsideration (Dkt. No. 60) under Local Rule 7-18 or, alternatively, Federal Rule of Civil Procedure 60(b). The motion was supported by a Declaration (Dkt. No. 61) and a 20-page "Comparative Analysis of the Record and the Court's Order" (Dkt. No. 63) that recited numerous arguments at length. Pac Fill's resulting work is recoverable as fees incurred defending the anti-SLAPP ruling. *See Hammett v. Stern*, No. 24-3621, No. 24-5961, 2026 WL 1480860, at *1 (9th Cir. May 27, 2026) ("[T]he additional hours spent defeating [the losing party's] interlocutory appeal and motions challenging the initial fee award were reasonable.") (citing *Serrano v. Unruh*, 652 P.2d 985, 997 (Cal. 1982)); *Ketchum*, 24 Cal. 4th at 1141 (fees include hours "necessary to establish and defend the fee claim").

- **This fee motion and anticipated opposition/reply.** The prevailing party is entitled to recover fees incurred litigating the fee award itself. *Ketchum*, 24 Cal. 4th at 1141; *569 East County*, 6 Cal. App. 5th at 433; *Thornbrough v. Western Placer Unified Sch. Dist.*, No. 2:09-cv-02613-GEB-GGH, 2010 WL 2179917 (E.D. Cal. May 27, 2010).

## C.    The Amount of Fees Requested Is Reasonable.

For convenience, the chart below summarizes the work and fees at a high level, with further detail on individual timekeepers, time expended, and time entries included in the accompanying declaration. (Weng Decl. Ex. 1.)

| Category of Work | Fees and Costs |
|---|---|
| Opening brief and supporting papers (including review and analysis of counterclaims and meet-and-confer under LR 7-3, legal research, drafting, cite checking) | $12,654.90 |
| Reply brief (review and analysis of two sets of opposition papers, drafting, cite checking) | $7,933.05 |
| Dashti's Motion for Reconsideration (review and analysis, objections, opposition) | $965.25 |
| Motion for fees opening brief and supporting papers (legal research, drafting, cite checking. time and cost calculations) | $6,300.90 |
| Fee motion (*estimated:* review opposition; prepare reply) | $5,000.00 |
| Costs: Westlaw legal research | $516.00 |
| **Total** | **$33,370.10** |

As set forth below, the amount of fees requested is reasonable, including in comparison to other fee awards for anti-SLAPP prevailing parties in this District—as well as in looking at the hourly rates and time incurred.

Based on available records we were able to pull, courts in this District have awarded anti-SLAPP fees in the range of $23,000 to $41,000. *See, e.g., Harmoni International Spice, Inc. v. Wenxuan Bai,* No. CV 16-00614-BRO (ASx), 2016 WL

6668262, at *5 (C.D. Cal. July 29, 2016) (court awarded $41,211 in fees and costs to defendants who prevailed on an anti-SLAPP motion); *Ekorus, Inc. v. Elohim EPF USA, Inc.,* No. CV 20-310-GW-GJSx, 2020 WL 3891448, at *1 (C.D. Cal. June 3, 2020) (court awarded $23,012.50 in attorneys' fees incurred in the anti-SLAPP motion and the subsequent motion for attorneys' fees); *Stillwell v. Fashion Nova, LLC,* No. 2:21-cv-07040-GW (MARx), 2022 WL 2964824, at *2 (C.D. Cal. May 13, 2022) (court granted defense fee motion in the amount of $27,100). Awards in neighboring and comparable districts confirm that substantially higher total fee awards have been approved where the complexity and burden of the proceedings warrant them. *See, e.g., Peterson v. Sutter Med. Found.*, No. 3:21-cv-04908-WHO, 2023 WL 5181634, at *8 (N.D. Cal. Aug. 10, 2023) ($105,526.01 for anti-SLAPP motion and fee motion at $900–$997.30/hr); *Evans Hotels, LLC v. Unite Here! Local 30*, No. 18-cv-2763-RSH-AHG, 2025 WL 1222503, at *5 (S.D. Cal. Apr. 28, 2025) ($221,748.10 across three anti-SLAPP motions and appeal).

Indeed, this case raised a number of issues that were more complicated and time-consuming than an average anti-SLAPP motion, including, for example, two opposition briefs, scores of pages of exhibits filed with those opposition briefs, and a motion for reconsideration seeking to reopen the anti-SLAPP motion, likewise with many additional pages of arguments and purported evidence—all of which Pac Fill was required to review and assess. Pac Fill's total fee request is reasonable and proportionate to the burden Dashti's conduct and vexatious filings imposed. (*See* Court's Order, Dkt. No. 50 ("the Court agrees with Pac Fill that Dashti's conduct has 'unreasonably and vexatiously multiplied the proceedings in this case . . . '").)

Reviewing the total requested fees from the lens of the attorney hourly rates and time expended confirms that the request is reasonable. First, the hourly rates are consistent with prevailing rates in the relevant legal market for attorneys of comparable skill and experience. The partners on the case billing at $810 and $877.50 have approximately 22+ and 28+ years of experience focused on

intellectual property; the counsel billing at $612 has 9+ years of experience; and the paralegal billing at $405 has approximately 28 years of experience. For comparison:

- *ScripsAmerica, Inc. v. Ironridge Global LLC*, No. CV 14-03962-SJO (AGRx), 2016 WL 6871280, at *4–5 (C.D. Cal. Jan. 12, 2016): $950/hr approved for partner with 37 years of experience; $700/hr approved for associate with ten years of experience—as of 2016.

- *Grant & Eisenhofer, P.A. v. Brown*, No. CV 17-5968 PSG (AFMx), 2018 WL 4945303, at *2 (C.D. Cal. May 14, 2018): Los Angeles partner rates surveyed at $400–$847/hr; associate rates at $300-$595/hr—as of 2018.

Decisions from neighboring and comparable districts further confirm that the rates requested here are reasonable. *See, e.g., Peterson v. Sutter Med. Found.*, No. 3:21-cv-04908-WHO, 2023 WL 5181634, at *8 (N.D. Cal. Aug. 10, 2023) ($900–$997.30/hr approved for partners, $650/hr for senior counsel, anti-SLAPP); *Mogan v. Sacks, Ricketts & Case LLP*, No. 21-cv-08431-TSH, 2022 WL 1458518, at *2 (N.D. Cal. May 9, 2022) ($935–$1,015.75/hr for partner, anti-SLAPP), *aff'd*, No. 22-15254, 22-16793, 2023 WL 2983577 (9th Cir. Apr. 18, 2023). Additionally, many of these mentioned rates are from years ago and are unadjusted for 2026.

Second, the time expended was also reasonable, totaling 36.8 hours, up through this motion for fees. In its anti-SLAPP ruling, the Court found that Dashti has "unreasonably and vexatiously multiplied the proceedings in this case." (Dkt. No. 50 at 7.) Specific to this motion, Dashti's Amended Answer and Amended Counterclaim spanned 13 single-spaced pages (Dkt. No. 31). And as mentioned, Dashti filed many pages in his oppositions, including an unauthorized second opposition—and later filed a motion for reconsideration attacking the anti-SLAPP ruling. As detailed in the accompanying declaration, the time entries relate to work on the anti-SLAPP motion, defending the anti-SLAPP motion, and this motion on fees. Where any listed time entries also contain other work, the time relating to the

fees requested in this motion has been specifically allocated. Additionally, decisions in neighboring and comparable districts show that significantly higher hour totals can be approved where there has been additional complexity or burden. *Compare, e.g., Peterson v. Sutter Med. Found.*, No. 3:21-cv-04908-WHO, 2023 WL 5181634, at *5 (N.D. Cal. Aug. 10, 2023) (123.6 hours approved for anti-SLAPP motion and fee motion); *Evans Hotels, LLC v. Unite Here! Local 30*, No. 18-cv-2763-RSH-AHG, 2025 WL 1222503, at *3 (S.D. Cal. Apr. 28, 2025) (hundreds of hours approved across three anti-SLAPP motions and cross-appeal).

## IV.    CONCLUSION

For the foregoing reasons, the Court should award Pac Fill its reasonable attorneys' fees and costs in the total amount of $33,370.10 as the prevailing party under California Code of Civil Procedure § 425.16(c)(1)—and set a deadline for Dashti's payment of the award.

DATED:  July 13, 2026                HANSON BRIDGETT LLP

By:     */s/ Garner K. Weng*
RAFFI V. ZEROUNIAN
JUSTIN P. THIELE
GARNER K. WENG
SUSANNA L. CHENETTE
Attorneys for Plaintiff
PAC FILL, INC. dba SUN DAIRY

Case No. 2:26-cv-03645 PA (BFMx)

23296876.1

PLT PAC FILL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR ATTYS FEES

**PROOF OF SERVICE**

*Pac Fill, Inc. v. Dashti, et al.*
**Case No. 2:26-cv-03645 PA (BFMx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 601 W 5th St Unit 300, Los Angeles, CA 90071.

On July 13, 2026, I served true copies of the following document(s) described as **PLAINTIFF PAC FILL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS (CCP § 426.16)** on the interested parties in this action as follows:

Steve Dashti                                    *Defendant in Pro Per*
23435 Welby Way
West Hills, CA 91307
stevedashti@gmail.com

Steve Dashti
21200 Oxnard Street, #508
Woodland Hills, CA 91367
stevedashti@gmail.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address mmillan-osuna@hansonbridgett.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 13, 2026, at Los Angeles, California.

*Marlen Millan-Osuna*
_____
Marlen Millan-Osuna

Case No. 2:26-cv-03645 PA (BFMx)