FILED
CLERK, U.S. DISTRICT COURT
7/17/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jji DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Steve Dashti
21200 Oxnard St. # 508
Woodland Hills 91367
Defendant and Counterclaimant, Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**PAC FILL, INC., a California corporation d/b/a SUN DAIRY,**

**Plaintiff / Counterclaim-Defendant**

**v.**

**STEVE DASHTI,**

**Defendant / Counterclaim-Plaintiff**

**CASE NO.** 2:26-cv-03645-PA (BFMx)

**DEFENDANT AND COUNTERCLAIMANT STEVE DASHTI'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. 75)**

## RESPONSE

Defendant and Counterclaimant Steve Dashti, appearing pro se, respectfully responds to the Court's July 2, 2026 Order to Show Cause ("OSC"). Defendant understands the Court's concern regarding compliance with the Local Rules, the Federal Rules of Civil Procedure, and the Court's Orders. Defendant respectfully submits that his conduct was not willful, was not intended to delay the proceedings, and was not a refusal to participate in scheduling or meet-and-confer obligations.

The record confirms that Defendant participated in a telephone meet-and-confer on May 2, 2026. Defendant proposed the call for May 2 at 4:00 p.m.; Plaintiff's counsel accepted; and counsel confirmed immediately afterward: "Thank you for your time just now in our meet-and-confer call." See Exhibit 1 (Dkt. 36, pp. 21–23). Defendant's May 3 follow-up also stated that he remained prepared to proceed in good faith and suggested written confirmation of key points to prevent further misunderstanding. Id.

Defendant has also participated substantively through written communications. In the related action, counsel invited Defendant to propose ADR panel mediators. Defendant reviewed the proposed mediators, communicated with ADR Panel Mediator Zia F. Modabber, confirmed his availability and willingness to serve, and proposed him by email on June 10, 2026. Counsel responded in writing that Plaintiff did not agree to Mr. Modabber. See Exhibit 2

(communications previously submitted with Dkt. 42 in Case No. 2:26-cv-03385-PA-BFMx). Although Dkt. 42 was struck on procedural grounds, Defendant submits the underlying communications independently with this Response.

These records show that Defendant has not refused to communicate or participate. To the extent Defendant did not comply fully with a particular scheduling or filing procedure, any failure resulted from Defendant's limited familiarity with federal court procedures and legal terminology, not from willfulness or bad faith. Defendant has tried to address issues in writing so that he can understand the matters, consult with an attorney when necessary, and provide a meaningful response without unintentionally prejudicing his rights.

On July 14, 2026, Defendant sent Plaintiff's counsel a formal written request that future meet-and-confer communications be conducted by email. See Exhibit 3. Defendant made that request in good faith, while expressly stating that he remains ready to meet and confer promptly and substantively. Defendant respectfully requests that the Court authorize written email communications as the procedure for Defendant's future meet-and-confer communications, unless the Court orders otherwise.

If the Court authorizes Defendant to continue meet-and-confer communications in writing, many matters can be addressed more efficiently, accurately, and without unnecessary dispute. Written communications allow Defendant to review the issues carefully, understand the legal terminology, consult counsel when necessary, and provide a complete response. By contrast, telephone discussions have repeatedly resulted in misunderstanding and disagreement because Defendant has difficulty understanding complex legal discussions in English in real time.

Defendant understands that future filings must comply with the governing rules and the Court's Orders. Defendant will make every effort to comply with the governing rules and will seek leave when required before filing supplemental material or seeking substantive relief. Defendant respectfully requests clear prospective direction concerning written meet-and-confer communications so that he can comply and avoid further misunderstanding.

For these reasons, Defendant respectfully requests that the Court discharge the OSC, decline to impose monetary sanctions or dismiss any portion of Defendant's remaining counterclaim, and authorize a written meet-and-confer procedure for Defendant going forward, unless the Court orders otherwise.

Executed on July 17, 2026, at Woodland Hills, California.

Respectfully submitted,

/s/ Steve Dashti
Steve Dashti
Defendant and Counterclaimant, Pro Se

# DECLARATION OF STEVE DASHTI

I, Steve Dashti, declare as follows:

1. I am the Defendant and Counterclaimant in this action. I have personal knowledge of the facts stated in this declaration and could testify competently to them.

2.The factual statements in the Response and in this Declaration are true and correct based on my personal knowledge.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 17, 2026, at Woodland Hills, California.

/s/ Steve Dashti

Steve Dashti

# **EXHIBIT INDEX**

**Exhibit 1:**

**May 1–3, 2026 meet-and-confer communications (extracted from Dkt. 36, pp. 21–23).**

**Exhibit 2:**

**June 8–10, 2026 ADR mediator-selection communications (extracted from Dkt. 42, pp. 8–11, Case No. 2:26-cv-03385-PA-BFMx).**

**Exhibit 3:**

**Defendant's July 14, 2026 Request for Written Meet-and-Confer Under Local Rule 7-3, with Proof of Service.**

# PROOF OF SERVICE

I, Steve Dashti, declare:

I am the Defendant and Counterclaimant in this action and am not represented by counsel.

On July 17, 2026, I served a true and correct copy of the following document:

DEFENDANT AND COUNTERCLAIMANT STEVE DASHTI'S RESPONSE TO ORDER TO SHOW CAUSE (DKT. 75), together with the Declaration of Steve Dashti and Exhibits 1 through 3,

on counsel for Plaintiff Pac Fill, Inc., by the following methods:

**BY U.S. MAIL:** I placed one copy in a sealed envelope with postage fully prepaid and deposited it in the United States mail, addressed to:

Hanson Bridgett LLP
Attorneys for Pac Fill, Inc.
601 W. 5th Street, Suite 300
Los Angeles, California 90071

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 17, 2026, at Woodland Hills, California.

/s/ Steve Dashti
Steve Dashti

# Exhibit 1

May 1-3, 2026 Meet-and-Confer Communications

I will review my availability and provide you with proposed dates and times for the meet and confer shortly.

Best
Steve Dashti

---------------------------------------------

**Steve Dashti** <stevedashti@gmail.com> May 1, 2026, 10:17 AM

to Garner, bcc: sdashti119, bcc: me

Mr. Weng,

In response to your email and pursuant to the Court's Order, as well as Federal Rules of Civil Procedure 16 and 26, I am available to meet and confer by telephone **on May 2, 2026, at 4:00 PM** for approximately 15–30 minutes.

Best

Steve Dashti

---------------------------------------



**Garner K. Weng** <gweng@hansonbridgett.com> May 1, 2026, 11:58 AM

to Raffi, Justin, Susanna, Laura, me

Mr. Dashti:
Ok, please call me then at (415)995-5081, or let me know at what number to reach you.

**From:** Steve Dashti <stevedashti@gmail.com>
**Sent:** Friday, May 1, 2026 10:17 AM

**To:** Garner K. Weng <gweng@hansonbridgett.com>
**Subject:** [EXTERNAL] Re: Meet-and-Confer and Joint Report to Court

--------------------------------------------------------------------------------



**Garner K. Weng** <gweng@hansonbridgett.com> May 2, 2026, 4:34 PM

to Raffi, Justin, Susanna, me

Mr. Dashti:
Thank you for your time just now in our meet-and-confer call required by the Judge's order dated April 20, which I sent to you below, as well as Rule 26 of the Federal Rules of Civil Procedure and Local Rule 26-1.

As I noted during our discussion, you did not appear to be prepared to conduct the conference or to discuss the required topics set forth in the Judge's order and in those rules. You instead appeared to be intent on conducting factual discovery with or on me within the call, asking me factual or evidentiary questions such as "What documents exist that show…" and demanding that I answer, and not engaging with me on the categorial, scheduling, or other issues listed in the Judge's order and the mentioned rules. Although I invited you to take time to familiarize yourself with the required topics for the conference, it is unclear to me whether you wished to do this, and you then hung up on me.

We are required to submit a joint report to the court by May 18. We continue to invite your participation in the process of preparing and submitting the joint report and will follow up further.

If you are unwilling to participate further in this process, we will have little choice but to submit our own report to the Court.
--------------------------



**Steve Dashti** <stevedashti@gmail.com>

May 3, 2026, 10:35 AM

to Garner, Raffi, Justin, Susanna, bcc: sdashti119

Mr. Weng,

Your characterization of our call is inaccurate and incomplete.

The purpose of the Rule 26(f) conference is to address the specific topics set forth in the Court's Order, including discovery planning, scheduling, and preparation of the joint report. Those required topics were not meaningfully addressed during our call.

Despite my attempts to address the required agenda, we were unable to reach agreement even on the first item identified in the Court's Order. When I attempted to proceed, you indicated that the proposed approach was not acceptable, and the discussion did not move forward to the remaining required topics.

To the extent any factual or evidentiary questions were raised, such matters are more appropriately addressed through formal discovery rather than within a Rule 26(f) conference.

I remain prepared to proceed in good faith and expect the same level of cooperation so that we may comply with the Court's Order. This includes addressing all required Rule 26(f) topics, including initial disclosures, written discovery, depositions, discovery deadlines, motion scheduling, and all other components of the joint report.

To facilitate the process, I am available for a brief follow-up call, and I also suggest confirming key points in writing to avoid any further misunderstanding.

Please advise your availability so that we may complete the required discussion and meet the May 18 deadline. I remain available to confer at mutually convenient times. If I do not receive a timely response, I will proceed in accordance with the Court's Order.

# Exhibit 2

June 8-10, 2026 ADR Mediator-Selection Communications

# EXHIBIT B

# ADR Mediator Selection Communications

## Dashti v Pac Fill (26-3385) - ADR selection

Inbox



**Garner K. Weng** — Mon, Jun 8, 5:42 PM (3 days ago)

to me, Raffi, Justin, Susanna

Mr. Dashti:
The Court’s order referring this case to ADR requires the parties to select and obtain the consent of a Panel Mediator within 21 days – the order was dated May 21, 2026, so our date is coming up later this week.

We propose that we reach out **to one or more** of the following listed panel mediators to see who is available for and consents to conducting the mediation in this case by the required date:

Philip Cook
Anthony Keats
Jeffrey Kravitz

Please let us know if any of these proposed mediators is acceptable for you.

If you object to any of these proposed mediators or wish to propose others, please let us know as soon as possible.

Best,
Garner

**Garner K. Weng**
**Partner**
gweng@hansonbridgett.

**Steve Dashti** <stevedashti@gmail.com> Wed, Jun 10, 10:41 AM (1 day ago)

to Garner, bcc: sdashti119

ADR Panel Mediator Selection

Mr. Weng,

I am currently communicating with another ADR Panel Mediator regarding availability and consent to serve in this matter. Accordingly, I am not yet in a position to agree to any of the proposed mediators identified in your email.

I will provide an update as soon as I receive a response regarding the mediator's availability and willingness to serve. In the meantime, please feel free to proceed with your inquiries regarding the mediators you have identified.

Steve

**Zia F. Modabber** Wed, Jun 10, 11:42 AM (1 day ago)

to Emma, Lori, me

Mr. Dashti,
I am available to handle your mediation and I've copied my Case Administrator, Emma Pasarow, who can work with you on dates and handle all administrative needs should the parties agree to use me. As you know, all parties must agree on the mediator.

I've also copied Lori Stanton, the Court's ADR Coordinator who can clarify any deadline or process issues.

We look forward to hearing back from you and your opposing counsel.



**Zia F. Modabber**

**P** (310) 810-0024

**W** signatureresolution.com

**E** zmodabber@signatureresolution.com

**A** epasarow@signatureresolution.com

SIGNATURE
RESOLUTION

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

**Steve Dashti** <stevedashti@gmail.com> Wed, Jun 10, 3:09 PM (1 day ago)

to Garner, bcc: sdashti119

Mr. Weng,

In response to your invitation to propose other panel mediators, I contacted Zia F. Modabber, a member of the Court's ADR Panel. Mr. Modabber has confirmed that he is available and willing to serve as the mediator in this matter. In his response, Mr. Modabber copied his Case Administrator and the Court's ADR Coordinator.

I am agreeable to the selection of Zia F. Modabber and propose Zia F. Modabber as the mediator for this case.

Please let me know whether Plaintiff agrees to the selection of Zia F. Modabber so that the parties may promptly finalize the mediator selection process and comply with the Court's ADR referral requirements.

I look forward to your response.



**Garner K. Weng** 10:33 AM (7 hours ago)

to Raffi, Justin, Susanna, me

Mr. Dashti:
Thanks for your follow-up.

We do not agree to Mr. Modabber. The Court’s procedures dictate that the parties agree on a mediator before consent of the mediator is obtained. That is why we proposed several options and were trying to seek your agreement first and were asking you to do the same with us. Per the Court’s website:

> The parties should first review the list of Panel Mediators on the Court website and confer regarding a Mediator upon whom they can agree. There are two lists: one,

# Exhibit 3

July 14, 2026 Request for Written Meet-and-Confer Under Local Rule 7-3

**STEVE DASHTI**
21200 Oxnard Street, #508 | Woodland Hills, California 91367
stevedashti@gmail.com | (818) 350-3513

July 14, 2026

**Hanson Bridgett LLP**
Attorneys for Pac Fill, Inc.
601 W. 5th Street, Suite 300
Los Angeles, California 90071

**Marlen C. Millan-Osuna**
**Paralegal**
MMillan-Osuna@hansonbridgett.com
Direct: (323) 210-7760

**Re: Steve Dashti v. Pac Fill, Inc., Case No. 2:26-cv-03385-PA (BFMx)**
**Pac Fill, Inc. v. Saeed 'Steve' Dashti, et al., Case No. 2:26-cv-03645-PA (BFMx)**

**REQUEST FOR WRITTEN MEET-AND-CONFER UNDER LOCAL RULE 7-3**

Counsel,

In light of the communications with the Court concerning the allegation that I did not cooperate in the meet-and-confer process, you will recall that we had an approximately 30-minute telephone meet-and-confer on May 2, 2026.

During that meet-and-confer call, I had difficulty understanding the legal matters and explanations being discussed. You described the discussion as an examination. Because I am self-represented and am not familiar with legal terminology or oral legal discussion in English, I informed you of my difficulty in understanding those matters.

In my May 3, 2026 email, I raised the need to confirm key points in writing in order to avoid misunderstanding. Written correspondence allows me to review your statements carefully, consult with an attorney when necessary, understand your positions and actions, and provide accurate and meaningful legal responses.

Written communication has already been effective in this litigation. On June 10, 2026, counsel and I conducted the ADR mediator-selection process in writing. At counsel's request, I reviewed the proposed mediators, contacted Zia F. Modabber of the Court's ADR Panel, confirmed that he was available and willing to serve, and proposed him as mediator by email. The parties exchanged their positions in writing, demonstrating that substantive court-related matters can be addressed fully and clearly through written communications.

For purposes of Local Rule 7-3, I request that we conduct any further meet-and-confer concerning relevant issues through written correspondence by email. This request is made in good faith and is not a refusal to meet and confer. I remain prepared to participate promptly and substantively in a written meet-and-confer.

Please confirm in writing whether you agree to conduct the Local Rule 7-3 meet-and-confer process through written correspondence. If you do not agree, please state your position and reasons in writing.

Sincerely,

**/s/ Steve Dashti**

Steve Dashti
Pro Se

## PROOF OF SERVICE

I, Steve Dashti, declare that on July 14, 2026, I served a true and correct copy of the foregoing *Request for Written Meet-and-Confer Under Local Rule 7-3* on counsel for Pac Fill, Inc. by the following methods:

**BY E-MAIL:** I transmitted the document as a PDF attachment by electronic mail to Hanson Bridgett LLP at the following address:

MMillan-Osuna@hansonbridgett.com

**BY U.S. MAIL:** I enclosed the document in a sealed envelope with postage fully prepaid and deposited it in the United States Mail addressed as follows:

**Hanson Bridgett LLP**
Attorneys for Pac Fill, Inc.
601 W. 5th Street, Suite 300
Los Angeles, California 90071

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 14, 2026, at Woodland Hills, California.

**/s/ Steve Dashti**

Steve Dashti