HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 395-7620
Facsimile:    (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
SUSANNA L. CHENETTE, SBN 257914
schenette@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

*Attorneys for Plaintiff*
PAC FILL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAC FILL, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SAEED "STEVE" DASHTI, an individual; and BIBI UNITED GROUP INC., a California corporation, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM | Case No. 2:26-cv-03645 PA (BFMx) <br><br> **PLAINTIFF PAC FILL, INC.'S OBJECTIONS TO DEFENDANT STEVE DASHTI'S NOTICE REGARDING REPEATED IMPROPER SERVICE TO DEFENDANT'S FORMER MAILING ADDRESS** <br><br> Judge:   Hon. Percy Anderson <br><br> Action Filed:   January 21, 2026 <br> Trial Date:   April 6, 2027 |

Case No. 2:26-cv-03645 PA (BFMx)

Defendant Steve Dashti's ("Dashti") Notice Regarding Repeated Improper Service to Defendant's Former Mailing Address (Dkt. No. 81) fails to comply with the Local Rules and the Court's Orders, including Local Rules 6-1, 7-3, 7-4, and 7-19—and accordingly should be stricken.

As the "notice" appears to ask for "corrective relief, sanctions, and [] further relief," it must necessarily be construed as a motion.

The motion fails to set a hearing. Local Rule 7-4 requires that the motion state "the date and time of the motion hearing," and Local Rule 6-1 requires that "[t]he notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing." Dashti's motion fails to set or give notice of any hearing. Local Rule 7-4 provides that, "The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."

Furthermore, Local Rule 7 3 requires that, prior to filing a motion, counsel must meet and confer with opposing counsel in a good faith effort to resolve the issues raised by the motion. It specifies:

> The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion. Failure to include such a declaration may result in the motion being denied.

In his motion here, Defendant Dashti does not include any certification, statement, or declaration regarding the required conference and accordingly fails to comply with Local Rule 7-3.

For clarity, Dashti's filing also does not comply with the requirements of an ex parte application under Local Rule 7-19.

Dashti has been repeatedly advised and ordered to be familiar with the applicable rules and to follow them. The Court's Order dated May 1, 2026 (Dkt. No. 23), directed to all pro se parties, provided: "You **must** become familiar with these

2                                Case No. 2:26-cv-03645 PA (BFMx)

rules. You will be held to the same standards as a lawyer as far as complying with court procedures and the rules and regulations of the court system." Moreover, in the parallel, related case between the same parties, Case No. 26-3385, the Court's Order dated April 20, 2026 (Case No. 3385, Dkt. No. 11), directed specifically to Dashti, provided: "Moving forward, Plaintiff must familiarize himself with all applicable rules of procedure including the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the Central District of California. While the Court will overlook the issues with the filing of the Motion to Remand, future violations will not be tolerated." More recently, in the same parallel, related case, the Court specifically admonished Dashti:

> Moreover, Plaintiff has been previously cautioned that he must familiarize himself with all applicable procedural rules (Docket Nos. 11, 13, 27), and that any "future violations will not tolerated." (Docket No. 13.) Accordingly, this serves as the Court's last warning. Any future violations of the Local Rules, Federal Rules of Civil Procedure or the Court's Orders will result in an Order to Show Cause regarding the imposition of sanctions. (Case No. 3385, Dkt. No. 43.)

And in this case, in the Court's Order Granting Motion to Strike, the Court likewise specifically admonished Dashti:

> Defendant is again warned, however, that any future violation of the Local Rules, the Federal Rules of Civil Procedure, or the Court's Orders, or any further conduct that unreasonably and vexatiously multiplies these proceedings, including the filing of Motions, supplemental briefs, or "Requests" for relief that fail to comply with the Local Rules, or *the failure to meet and confer or respond to opposing counsel*, will result in the imposition of sanctions, including dismissal of Defendant's remaining counterclaim and monetary sanctions. (Dkt. No. 50.).

Also in this case, the Court has issued an Order to Show Cause against Dashti for his repeated violations of rules and procedure:

> From the onset of this action, the Court has advised Defendant of the requirement that, even as a pro se litigant, he must comply in all respects with the Local Rules, the Court's Standing Orders and the Federal Rules of Civil Procedure. (Docket No. 23.) Moreover, Defendant has been repeatedly reminded in this case, and the related action, that he needs to become familiar with the Local Rules, the Federal Rules of Civil Procedure and the Court's Standing Orders, and warned that the failure to do so will result in the imposition of monetary or other sanctions. (Docket Nos. 50, 73; CV 26-3385 Docket Nos. 11, 13, 27, 43.) Yet Defendant continues to file Motions,

"supplemental" briefs and "requests," "statements," "responses," and "notices" that are not authorized or contemplated–or are in violation of– applicable rules and the Court's Orders. These prolific and erroneous filings, and improper requests for relief have taxed the Court's limited resources and vexatiously multiplied these proceedings. (Dkt. No. 75.)

Since the time of these orders, Defendant Dashti has continued to show repeated refusals to follow the Local Rules and orders of this Court, including now with this filing.

Plaintiff Pac Fill asks the Court to strike Dashti's filing here in its entirety. Plaintiff Pac Fill raises these objections without addressing the merits of the filing here and without waiving any arguments concerning any matters raised therein.

DATED:  July 21, 2026                HANSON BRIDGETT LLP


By:      /s/ Garner K. Weng
         RAFFI V. ZEROUNIAN
         JUSTIN P. THIELE
         GARNER K. WENG
         SUSANNA L. CHENETTE
         Attorneys for Plaintiff
         PAC FILL, INC.

Case No. 2:26-cv-03645 PA (BFMx)

23321639.1

PLTF PAC FILL'S OBJECTIONS TO DFT DASHTI'S NTC RE IMPROPER SERVICE TO FORMER MAILING ADDRESS

## PROOF OF SERVICE

### *Pac Fill, Inc. v. Dashti*
### Case No. 2:26-cv-03645 PA (BFMx)

**STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Contra Costa, State of California.  My business address is 1676 N. California Blvd., Suite 620, Walnut Creek, CA 94596.

On July 21, 2026, I served true copies of the following document(s) described as **PLAINTIFF PAC FILL, INC.'S OBJECTIONS TO DEFENDANT STEVE DASHTI'S NOTICE REGARDING REPEATED IMPROPER SERVICE TO DEFENDANT'S FORMER MAILING ADDRESS** on the interested parties in this action as follows:

Saeed "Steve" Dashti                    *Defendant in Pro Per*
23435 Welby Way
West Hills, CA 91307
stevedashti@gmail.com

Saeed "Steve" Dashti
21200 Oxnard Street, #508
Woodland Hills, CA 91367
stevedashti@gmail.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address lprongos@hansonbridgett.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 21, 2026, at Alameda, California.

*Laura Prongos*
_____
Laura A. Prongos

Case No. 2:26-cv-03645 PA (BFMx)

23321639.1

PROOF OF SERVICE