HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 395-7620
Facsimile:   (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
SUSANNA L. CHENETTE, SBN 257914
schenette@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

*Attorneys for Plaintiff*
PAC FILL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAC FILL, INC., a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>SAEED "STEVE" DASHTI, an individual; and BIBI UNITED GROUP INC., a California corporation,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:26-cv-03645 PA (BFMx)<br><br>**PLAINTIFF PAC FILL, INC.'S OPPOSITION TO DEFENDANT STEVE DASHTI'S MOTION FOR RECUSAL OF THE PRESIDING JUDGE AND FOR REASSIGNMENT OF THIS ACTION TO A DIFFERENT UNITED STATES DISTRICT JUDGE**<br><br>Date:       August 17, 2026<br>Time:       1:30 p.m.<br>Crtrm.:     9A<br>Judge:      Hon. Percy Anderson<br><br>Action Filed:     April 6, 2026<br>Trial Date:       April 6, 2027 |

Case No. 2:26-cv-03645 PA (BFMx)

## I.      INTRODUCTION

Defendant Dashti moves to recuse Honorable Percy Anderson under 28 U.S.C. § 455(a) based entirely on judicial rulings and procedural decisions with which Dashti disagrees. Under controlling Supreme Court and Ninth Circuit authority, judicial rulings and docket management decisions alone do not support recusal—a principle that disposes of every ground Dashti raises. The motion's lack of merit is further confirmed by what it omits and how it was filed: Dashti presents only rulings adverse to him while ignoring the Court's repeated leniency and rulings in Dashti's favor, and he seeks recusal in only one of the two parallel, related cases between the parties currently pending before Judge Anderson—the one that carries an anti-SLAPP award of fees and costs and an Order to Show Cause against Dashti. The motion should be denied.

## II.     ARGUMENT

### A.      Legal Standard

Section 455(a) requires a federal judge to disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). The Ninth Circuit applies an objective standard: recusal is required only when a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *King v. U.S. Dist. Court for Cent. Dist. of California*, 16 F.3d 992, 993 (9th Cir. 1994).

The Supreme Court has made clear that this standard is subject to the "'extrajudicial source' doctrine." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Under that doctrine, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

23344526.1

PLTF PAC FILL'S OPP TO DFT DASHTI'S MOTION FOR RECUSAL OF PRESIDING JUDGE

The Ninth Circuit has applied this framework directly in a Central District of California recusal petition, holding that recusal is ordinarily required "'only if the bias or prejudice stems from an extrajudicial source,' and not from a judge's conduct or rulings during the course of judicial proceedings." *King,* 16 F.3d at 993 (internal citations omitted). And the Ninth Circuit has squarely held that unfavorable rulings alone are legally insufficient to require recusal "even when the number of such unfavorable rulings is extraordinarily high on a statistical basis." *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1340 (9th Cir. 1984). Likewise, in *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215 (9th Cir. 2014), the Ninth Circuit affirmed denial of recusal where the movant pointed to multiple adverse rulings, noting that the movant failed to acknowledge significant rulings in his favor, that there was no sign of antagonism requiring recusal, and that the judge had in fact shown "remarkable restraint" given the movant's litigation tactics. *Id.* at 1221.

### B.    Every Ground Dashti Raises Derives From In-Court Rulings and Docket Management—Not Any Extrajudicial Source.

Dashti raises seven grounds for recusal. Every one concerns a ruling, procedural order, or docket management decision made in the ordinary course of this litigation. He identifies no financial interest, no personal relationship between the Court and any party, and no knowledge the Court acquired from any source outside these proceedings. Under *Liteky* and its Ninth Circuit progeny, that is precisely what Section 455(a) does not address.

The Supreme Court described the category of "inadequate" grounds with precision directly applicable here. Grounds that fail to support recusal "consist of judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel . . ." *Liteky*, 510 U.S. at 556-557. Every ground Dashti raises falls squarely within this description.

Dashti's "cumulative record" theory does not save his motion. As mentioned, the Ninth Circuit has held that unfavorable rulings alone are legally insufficient to

require recusal "even when the number of such unfavorable rulings is extraordinarily high on a statistical basis." *Beverly Hills Bancorp*, 752 F.2d at 1340. Dashti's theories, built entirely from in-court rulings and procedural decisions, fare no better.

Dashti's selective presentation of the record further confirms that his motion cannot survive the reasonable-observer standard. That standard requires consideration of all the facts—including facts Dashti omits. In the parallel related case pending before this Court, Case No. 26-3385, Dashti prevailed on his motion for leave to file a first amended complaint, even where Pac Fill was not given the opportunity to file a substantive opposition because of Dashti's late submission of his amended complaint. (Case No. 26-3385, Dkt. No. 58) Furthermore, this Court denied Pac Fill's motion to consolidate the two actions, the outcome Dashti sought in opposing that motion. (Case No. 26-3385, Dkt. Nos. 53, 58.) In this action, the Court has repeatedly exercised leniency toward Dashti as a pro se litigant: while it has struck multiple filings for procedural deficiencies, it has also declined to strike multiple filings that failed to comply with applicable procedural requirements.

A reasonable observer who knew these facts would also know that Dashti repeatedly failed to meet and confer, filed procedurally improper requests and notices, and required the Court to manage Dashti's non-compliance through the very orders he now characterizes as evidence of bias. That observer would attribute those orders to Dashti's conduct—which the record makes plain—ssnot to judicial partiality.

### C.    The Anti-SLAPP Ruling Also Does Not Support Recusal.

Dashti devotes his seventh ground to arguing that the Court's June 19, 2026 order granting Pac Fill's Special Motion to Strike mischaracterized the gravamen of his Amended Counterclaim. Whatever the merit of that contention, it describes a judicial ruling—nothing more. Under *Liteky*, judicial rulings "almost invariably are proper grounds for appeal, not for recusal." 510 U.S. at 555. A litigant's belief that a

ruling was wrong is not evidence that the judge who made it is biased. Dashti's seventh ground is an attempt to relitigate the anti-SLAPP ruling through a recusal motion, which Section 455(a) does not permit.

**D.     The Selective Filing of This Motion in Only One of Two Parallel Cases Confirms Its Tactical Nature.**

The tactical nature of this motion is further confirmed by Dashti's own conduct. Dashti has two parallel cases currently pending before this Court. He seeks recusal in only this one. In the parallel action, this Court dismissed Dashti's complaint and subsequently granted his motion for leave to file a first amended complaint—ruling both against him and in his favor in the ordinary course of litigation. Dashti filed no recusal motion there.

The sole material difference between the two cases is that this case carries an anti-SLAPP ruling, a pending fees award, and an Order to Show Cause directed at Dashti's repeated failure to comply with this Court's procedural requirements— including his pattern of filing procedurally improper requests and notices and his repeated failure to conduct the meet-and-confer required by Local Rule 7-3 before filing motions. A reasonable observer would conclude that it is those consequences, not any genuine concern about judicial partiality, that prompted this motion.

The motion's procedural deficiencies reinforce this conclusion. Local Rule 7-3 requires a good-faith pre-filing conference directed at resolving the issues presented in a motion. Dashti's meet-and-confer consisted of a single e-mail, not addressed to any counsel of record for Pac Fill, demanding written-only communication—with no request for an actual conference. (Declaration of Garner Weng, filed herewith ("Weng Decl.") ¶¶ 2-4.) Indeed, counsel for Pac Fill advised Dashti that they were willing to provide availability for a conference, but Dashti did not respond. (*Id.*) This falls short of the genuine pre-filing engagement Local Rule 7-3 contemplates—a pattern entirely consistent with the conduct that prompted the Court's prior procedural orders in this action.

Case No. 2:26-cv-03645 PA (BFMx)

23344526.1

## III. CONCLUSION

Dashti identifies no extrajudicial source of bias. Every ground he raises is an in-court ruling or procedural decision. His cumulative theory fails as a matter of law under case precedent. His selective presentation of the record—omitting the Court's repeated leniency toward him and the rulings he obtained in the parallel, related case—is flatly inconsistent with the complete and objective assessment the reasonable-observer standard requires. And his decision to seek recusal in only one of the two parallel, related cases before the same judge, timed to coincide with an adverse fees award and an Order to Show Cause, confirms that this motion is outcome-driven rather than grounded in any genuine concern about judicial impartiality.

The motion should be denied.

DATED: July 27, 2026                    HANSON BRIDGETT LLP


                                        By:        /s/ Garner K. Weng
                                            RAFFI V. ZEROUNIAN
                                            JUSTIN P. THIELE
                                            GARNER K. WENG
                                            SUSANNA L. CHENETTE
                                            Attorneys for Plaintiff
                                            PAC FILL, INC. dba SUN DAIRY

## PROOF OF SERVICE

### *Pac Fill, Inc. v. Dashti*
### Case No. 2:26-cv-03645 PA (BFMx)

**STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Contra Costa, State of California.  My business address is 1676 N. California Blvd., Suite 620, Walnut Creek, CA 94596.

On July 27, 2026, I served true copies of the following document(s) described as **PLAINTIFF PAC FILL, INC.'S OPPOSITION TO DEFENDANT STEVE DASHTI'S MOTION FOR RECUSAL OF THE PRESIDING JUDGE AND FOR REASSIGNMENT OF THIS ACTION TO A DIFFERENT UNITED STATES DISTRICT JUDGE** on the interested parties in this action as follows:

Steve Dashti                                    ***Defendant in Pro Per***
23435 Welby Way
West Hills, CA 91307
stevedashti@gmail.com

Steve Dashti
21200 Oxnard Street, #508
Woodland Hills, CA 91367
stevedashti@gmail.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address lprongos@hansonbridgett.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 27, 2026, at Alameda, California.

_____
Laura Prongos

23344526.1

Case No. 2:26-cv-03645 PA (BFMx)

PROOF OF SERVICE