UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-3645 PA (BFMx) | Date | August 12, 2026 |
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Daniel Torrez | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

On June 19, 2026, the Court granted a Motion to Strike, or in the alternative to Dismiss Amended Counterclaim ("Underlying Motion") filed by plaintiff Pac Fill, Inc. ("Pac Fill" or "Plaintiff"). (Docket No. 50.) In granting the Motion to Strike, the Court found that two of the three amended counterclaims alleged by defendant Saeed "Steve" Dashti ("Dashti" or "Defendant") were based on protected conduct–Pac Fill's cease and desist letter and related communications, and the filing of this trademark enforcement action. (Id.) Plaintiff then filed a Motion for Reconsideration of the Court's June 19, 2026 Order ("Motion"), arguing that the Court failed to consider material facts in ruling on the Underlying Motion. (Docket No. 85.)[1/] Specifically, Defendant contends that the Court erred in failing to recognize that his Amended Counterclaim was premised on alleged conduct that existed independently of the protected pre-litigation and litigation conduct. The Motion is fully briefed. (Docket Nos. 90, 94.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 17, 2026, is vacated, and the matter taken off calendar.

"[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [the time period permitted by the Rule]. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001)

---

[1/] Plaintiff argues that Defendant's Motion for Reconsideration is untimely and procedurally improper because Defendant failed to comply with the meet and confer requirements under Local Rule 7-3. Defendant responds by stating that his first Motion to Reconsider was timely filed, but struck for failing to comply with Local Rule 7-3, and that he made a "good faith" effort to meet and confer with counsel for Pac-Fill in writing. Although Defendant's Motion is untimely and does not technically satisfy Local Rule 7-3–and is thus subject to denial on those grounds alone–the Court has decided to consider the Motion for Reconsideration on its merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-3654 PA (BFMx) | Date | August 12, 2026 |
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | |

((citation omitted)). "Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. 'Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.'" Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam)). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id. (citing McDowell, 197 F.3d at 1255 n.1).

Rule 60(b) allows the Court to relieve a party from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Whether brought pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). Additionally, under Local Rule 7-18, a motion for reconsideration may only be brought if the moving party demonstrates:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Local Rule 7-18.

Defendant's Motion for Reconsideration relies on Rule 7-18(c)–the Court's failure to consider material facts. (Reply at pp. 5-7.) Defendant's main complaint is that the Court failed to separately consider or analyze his allegations concerning the origin of the ABALI mark, Pac Fill's historical use and ownership history of the mark, and the legality of the trademark rights it obtained in that mark, prior to engaging in the protected activity that formed the basis for the Court's dismissal of two of Defendant's counterclaims. (Reply at p 5.) The Court has considered whether Defendant has met his burden of "a manifest showing of a failure to consider material facts presented to the Court," and concludes that he has not.

In its ruling on the Underlying Motion, the Court specifically considered and addressed the alleged conduct that occurred prior to Pac Fill's cease and desist letter and related communications, and the filing of this litigation. Dashti argued in opposition to the Underlying Motion that his claims for Unfair Competition and Interference with Prospective Economic Advantage were also based on his separate allegations concerning ownership, use and the legality of Pac Fill's trademark rights. (Docket No. 36; Defendant's Opp'n. to Underlying Motion at pp. 7-8.) The Court concluded, however, that because these allegations underpinned Dashti's claim that Pac Fill lacked a legal basis for its eventual assertion of its trademark rights against him, these allegations were properly considered as part of the protected litigation conduct. (June 19, 2026 Order at p. 5 ("However, no matter how Dashti characterizes the alleged wrongful conduct, the fact remains that it all occurred in the context of protected pre-litigation communications between Pac Fill and Dashti.")).

The Court also considered these pre-litigation conduct allegations when it analyzed the second part of the anti-SLAPP framework–whether Dashti had met his burden of demonstrating a reasonable probability of prevailing on his counterclaims or that he could negate any of Pac Fill's constitutional defenses. The Court concluded that Defendant failed to do so because he improperly relied "on evidence and arguments . . . on the merits of the trademark infringement and cancellation claims asserted against him, and on his counterclaim against Pac Fill for declaratory relief as to the parties' trademark rights," and not on evidence or argument showing "why the conduct forming the basis of his counterclaims is not protected. [conduct]. . ." (Id. at pp. 5-6.)[2/]

---

[2/] Throughout this litigation, Dashti continues to insist that the parties have genuine disputes regarding ownership and use of the ABALI mark. This may very well be the case. But that does mean that the Court's ruling granting Pac Fill's Motion to Strike Defendant's counterclaims for Unfair Competition and Interference with Prospective Economic Advantage was somehow improper or erroneous. The Court's ruling properly concluded that those specific counterclaims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-3654 PA (BFMx) | Date | August 12, 2026 |
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | |

Lastly, Dashti argues that the Court committed legal error in granting the Underlying Motion by failing to engage in a "proper anti-SLAPP inquiry." However, the Court's Order laid out the proper legal standard, and then analyzed the entirety of Defendant's Amended Counterclaim under this established framework. (Id. at pp. 4-7.) Thus, Defendant fails to show that the Court committed a manifest error of law under Fed. R. Civ. P. 59(e).

Accordingly, Defendant fails to meet his burden under Rule 7-18 of showing that the Court failed to consider material facts in ruling on the Underlying Motion, and there is no other valid basis upon which the Court could grant the Motion for Reconsideration. The Court therefore denies the Motion for Reconsideration for all of the reasons stated herein, in Pac Fill's Opposition, and in its June 19, 2026 Order.

IT IS SO ORDERED.

---

were based on protected conduct. However, the Court's ruling also left intact Defendant's counterclaim for declaratory relief, and nothing in that ruling prevents Dashti from litigating the issues relating to trademark ownership and use in connection with that claim.