UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-3645 PA (BFMx) | Date | August 12, 2026 |
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Daniel Torrez | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is "Motion for Recusal" ("Motion"), filed by defendant Saeed "Steve" Dashti ("Dashti" or "Defendant"). (Docket No. 80.) The Motion is fully briefed. (Docket Nos. 91, 92.) Pursuant to General Order No. 26-11, Rule 78 of the Federal Rules of Civil Procedure, and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

The standard for disqualification of a judge is established by 28 U.S.C. §§ 144 and 455. Section 144 permits a party seeking disqualification to file a "timely and sufficient affidavit" setting forth "the facts and reasons" for the party's belief that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. When determining the legal sufficiency of the affidavit, "the factual allegations in the affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification." United States v. Zagari, 419 F. Supp. 494, 500–01 (N.D. Cal. 1976); see also Hayes v. National Football League, 463 F. Supp. 1174, 1179 (C.D. Cal. 1979) ("Conclusory allegations . . . do not justify disqualification."). The potentially applicable provision of § 455 provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see also United States v. Hernandez, 109 F.3d 1450, 1453–54 (9th Cir. 1997) ("The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' Ordinarily, the alleged bias must stem from an 'extrajudicial source.'") (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986); Liteky v. United States, 510 U.S. 540, 554–56, 114 S. Ct. 1147, 1157 (1994)).

In Liteky, the Supreme Court clarified the interplay between allegations of impartiality, personal bias, and prejudice under sections 455(a) and 455(b)(1):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

510 U.S. at 555 (internal citations omitted).

Defendant's Motion is premised on "seventeen representative circumstances" in this case, and the related case, Steve Dashti v. Pac Fill, CV 26-3385 PA (BFMx), that Defendant claims evidence a "repeated displacement of substantive factual and legal issues by procedural accusations advanced by Pac Fill's counsel." (Reply at p. 1.) Defendant complains that his "federal trademark controversy" has not "received meaningful adjudication on the merits." (Id.) "Seven months have now passed since removal, yet the Court has not meaningfully reached or adjudicated the merits of the federal trademark controversy invoked to bring the related action into federal court." (Id. at p. 4.) Defendant faults the Court for giving greater consideration to Pac Fill's "procedural accusations" and ignoring his own attempts to adjudicate the case on the merits. (Id.) Defendant relies on the cumulative record, across both cases, replete with his repeated procedural errors, deficiencies and stricken filings, along with an order to show cause regarding sanctions, to argue that a reasonable person with knowledge of all the facts would conclude in this case, that the Court's impartiality might reasonably be questioned. (Id. at pp. 2-3.) Plaintiff Pac Fill, Inc. ("Pac Fill" or "Plaintiff") opposes the Motion, arguing that the Defendant's arguments in support of his Motion fail to support recusal because they all concern a ruling, procedural order or docket management decision made by the Court in the ordinary course of the litigation. (Opp'n. at pp. 3-4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-3645 PA (BFMx) | Date | August 12, 2026 |
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | |

The Court has reviewed Defendant's Motion, his supporting declaration and summary exhibits, the docket in this action and the related action, and all of the rulings and orders with which Defendant disagrees.[1/] Defendant's assertions of bias and misconduct, however, are unsupported by any evidence and thus are completely insufficient bases for disqualification. Instead, the Court concludes that Defendant is attempting to transform this Court's unfavorable rulings in this case and the related case, and the Court's case management orders into "evidence" of bias and misconduct. If Defendant disagrees with the Court's prior rulings, his remedy is to appeal the orders, not to seek disqualification of the judge. See Mayes v Leipziger, 729 F.2d 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias."). This is true even upon consideration of the record in both cases as a whole.

Defendant also remains free to file a procedurally and substantively proper Motion for the relief that he claims that Court has thus far denied him. In his Motion, Defendant accuses the Court of responding to Pac Fill's procedural accusations and ignoring Defendant's attempts to raise substantive concerns. There is no favoritism at play here. The Court has responded appropriately on each occasion, especially given that these cases are still in the pleading stage, and there has been no procedurally proper basis to consider the merits of Defendant's claims or his evidence. Moreover, Defendant's own conduct–his repeated filing of improper requests for relief, unauthorized supplemental briefs and improperly noticed motions–has resulted in the record he relies on now to show "bias."[2/]

---

[1/] Dashti takes issue with the Court's granting of Pac Fill's Motion to Strike and its Order to Show Cause regarding Sanctions for his continued and repeated failure to comply with the Local Rules, the Federal Rules of Civil Procedure and the Court's orders. (Docket Nos. 50, 75). Dashti also takes issue with the numerous times the Court has had to deficiency and strike his filings, and also with the fact that Court has "ignored" his numerous requests for substantive rulings, or for orders requiring that Pac Fill respond to his requests for information. In the related case, Dashti takes issue with the Court's denial of his Motion to Remand and the granting of Pac Fill's Motion to Dismiss two of his claims. (26-3385 PA Docket No. 27.)

[2/] Far from exhibiting bias, the record shows that the Court overlooked a multitude of procedural improprieties, considered many of Defendant's filings on the merits in lieu of striking or denying them on procedural grounds, and has assisted Defendant in the filing of missing exhibits and in the re-docketing of filings that were filed in the wrong case. (See e.g., Docket Nos. 63, 68, 73, 76, 81, 93, 96, 97; CV 26-3385 PA Docket Nos. 11, 30, 32, 50, 57.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-3645 PA (BFMx) | Date | August 12, 2026 |
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | |

Accordingly, the Court concludes that Defendant's Motion fails to set forth sufficient factual allegations to require disqualification pursuant to 28 U.S.C. §§ 144 and 455(a), or any evidence tending to show personal bias stemming from an extrajudicial source. See Halibut Tr. v. Floerchinger, No. 4:20-CV-00005-SLG, 2020 WL 8881573, at *2 (D. Alaska Apr. 28, 2020) ("[G]iven that it appears that the Court's prior rulings . . . form the basis of Plaintiff's motion to recuse, Plaintiff's motion fails."). Nor is there any basis to believe that any other ground for disqualification exists. Rather, it appears that Defendant simply disagrees with the Court's substantive rulings, and its attempts to use case management orders to hold him accountable for following applicable procedural rules like any other litigant appearing before the Court. Accordingly, Defendant's Motion is denied.

IT IS SO ORDERED.