UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-3645 PA (BFMx) | Date | August 20, 2026 |
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS ORDER

Before the Court is a Motion for Attorneys' Fees and Costs ("Motion") filed by plaintiff Pac Fill Inc. ("Plaintiff" or "Pac Fill") (Docket No. 78). Plaintiff seeks attorneys' fees as the prevailing party under California's anti-SLAPP statute after this Court's June 19, 2026 Order granting Plaintiff's Motion to Dismiss the First Amended Counterclaim ("FAC") filed by defendant Saeed "Steve" Dashti ("Defendant" or "Dashti"). The Motion is fully briefed. (Docket Nos. 84, 89.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter appropriate for decision without oral argument.

## I. Background

Dashti, who is appearing pro se, filed a Complaint in Los Angeles County Superior Court that was removed by Pac Fill to this Court on March 30, 2026 in the related case Steve Dashti v. Pac Fill, Inc., CV 26-3385 PA (BFMx). That Complaint alleged state law claims arising out of Pac Fill's attempt to stop Dashti from using the "ABALI" mark in his food and beverage business involving dairy-based products, including yogurt drinks. On May 14, 2026, the Court granted Pac Fill's Motion to Dismiss Dashti's state law claims for Unfair Competition (Cal. Bus. & Prof. Code § 17200) ("UCL") and Interference with Prospective Economic Advantage without leave to amend. (CV 26-3885 PA (BFMx) Docket No. 27.) The Court granted the Motion because those claims were based on allegations of prelitigation conduct protected by California's statutory litigation privilege, Cal. Civ. Code § 47(b), specifically, Pac Fill's January 19, 2026 cease and desist letter threatening legal action absent compliance, and its follow-up communications. (Id.)

On April 6, 2026, Pac Fill filed this related action against Dashti and his associated corporation, Bibi United Group, Inc. ("Bibi"), based on Dashti's use of the ABALI mark. Pac Fill's First Amended Complaint ("FAC") asserts claims for: (1) Lanham Act Registered Trademark Infringement under 15 U.S.C. § 1114(a); (2) Lanham Act Common Law Trademark Infringement under 15 U.S.C. § 1125 (a)(1)(A); (3) California Unfair Competition under Cal. Bus. & Prof. Code § 17200; (4) California Common Law Trademark Infringement; and

(5) California Common Law Unfair Competition. Pac Fill seeks an injunction enjoining Dashti and Bibi using or seeking to register the ABALI mark or any marks confusingly similar to the ABALI mark. Pac Fill also seeks an accounting, damages, and attorney's fees, and requests that the Court order the United States Patent and Trademark Office ("USPTO") to deny or cancel Dashti's pending USPTO trademark registration application, and the Secretary of the State of California to cancel Dashti's registered ABALI mark. (Docket No. 15.)

On May 16, 2026, Dashti filed an Amended Answer and Amended Counterclaim ("AC") (Docket No. 31), asserting claims for: (1) Intentional Interference with Prospective Economic Advantage; (2) Unfair Competition under Cal. Bus. & Prof. Code § 17200; and (3) Declaratory Relief. After filing the AC, Pac-Fill warned Dashti in writing that his first two counterclaims were frivolous, and that Pac Fill would file an anti-SLAPP Motion and seek monetary sanctions. Dashti did not respond to opposing counsel, and did not dismiss his two counterclaims.

Pac Fill moved to dismiss and strike the first two of Dashti's state law claims, contending both that those claims should be stricken pursuant to California's anti-SLAPP procedure and that, in the alternative, the claims should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Pac Fill also requested an award of attorneys' fees and costs if its anti-SLAPP Motion was granted. On June 19, 2026 the Court granted the anti-SLAPP Motion, and struck the two counterclaims. In granting the Motion, the Court also found that as the prevailing party, Pac Fill was entitled to reasonable attorney's fees and costs related to the filing of its Motion under California Code Civil Procedure § 425.16(c)(1). , and ordered Pac Fill to file this Motion. On July 17, 2026 Dashti filed a Motion for Reconsideration of the Court's June 19, 2026 Order granting the anti-SLAPP Motion. (Docket No. 85.) That Motion was denied by the Court on August 12, 2026. (Docket No. 97.)

## II. Dashti's Request to File a Limited Sur-Reply

On July 30, 2026, Defendant filed a request for leave to file a limited sur-reply. (Docket No. 93.) Defendant's request is procedurally improper. As explained on numerous occasions, there are no "Requests" contemplated by the Local Rules, which provide for the filing of noticed motions or ex parte applications. See L.R. 6-1, 7-19. Dashti's "Request" does not comply with the requirements for ex parte applications or noticed motions, and Defendant may not evade the requirements of the Local Rules simply by labeling his filing as a "Request." However, in this instance, the Court has decided to consider the merits of Dashti's request for relief.

Dashti seeks leave to respond to matters that he contends were raised in for the first time in Pac Fill's Reply. Specifically, in its Reply, Pac Fill asked for attorney's fees and costs relating to its Opposition to Dashti's Motion for Reconsideration of the Court's ruling granting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-3645 PA (BFMx) | Date | August 20, 2026 |
| Title | Pac Fill, Inc. v. Saeed "Steve" Dashti, et al. | | |

the anti-SLAPP Motion, which was filed after Pac Fill's Motion for Attorney's Fees. (Docket No. 85.)[1/] Plaintiff filed a response to Dashti's request, but objected only on procedural grounds, and failed to address the merits of the request. (Docket No. 95.) Because Pac Fill raised the issue of recovering for fees and costs in connection with its response to Dashti's Motion for Reconsideration for the first time in its reply (necessarily so because Dashti's Motion was filed after Pac Fill's opening brief), the Court grants Dashti's request, and has considered the Sur-Reply (Docket No. 93 at pp. 4–10) in connection with this Motion.

## III. Legal Standard

A reasonable attorneys' fee is determined in two steps. First, the Court must determine a reasonable "lodestar" fee by multiplying the number of hours reasonably expended by the prevailing party's attorneys on the litigation by a reasonable hourly rate. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978; McElwaine v. US West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999). A reasonable hourly rate is "'calculated according to the prevailing market rates in the relevant community . . . .'" Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984)). The moving party bears the burden to produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum, 465 U.S. at 895 n.11). The fee applicant bears the burden to submit evidence supporting the hours worked and rates claimed. See Van Gerwen v. Guar. Mut. Life. Co., 214 F.3d 1041, 1045 (9th Cir. 2000). The Court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Sorenson, 239 F.3d at 1146 (internal quotation marks and citation omitted).

Second, the Court determines if the lodestar should be adjusted to accurately reflect a reasonable fee by looking at the factors discussed in Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir. 1975). The twelve Kerr factors bearing on reasonableness are:

---

[1/] Dashti first filed his Motion for Reconsideration in the related case, 26-3385 PA (BFMx) on July 17, 2026. (CV 26-3385 PA Docket No. 55.) On July 21, 2026 the Court ordered that the Motion for Reconsideration be stricken and refiled in the correct case. (CV 26-3385 PA Docket No. 57.) Dashti's Motion for Reconsideration was then docketed in the correct case with the original filing date of July 17, 2026. (Docket No. 85.) Pac Fill filed its Motion for Attorney's Fees on July 13, 2026, prior to refiling of the Motion for Reconsideration.

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. "There is a strong presumption that the lodestar figure represents a reasonable fee. 'Only in rare instances should the lodestar figure be adjusted on the basis of other considerations.'" Morales v. City of San Rafael, 96 F.3d 359, 363 n.8 (9th Cir. 1996) (quoting Harris v. Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994)). "[T]he court need not discuss each factor. It is sufficient if the record shows that the court consider[s] the factors called into question by the case at hand and necessary to support the reasonableness of the fee award." Sapper v. Lenco Blade, Inc., 704 F.2d 1069, 1073 (9th Cir. 1983) (internal citations and quotation marks omitted). Furthermore, some of the Kerr factors are subsumed into the initial lodestar calculation while others are not. "Adjusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated, instead of adjusting the reasonable hours or reasonable hourly rate at the first step . . . is a disfavored procedure." Morales, 96 F.3d at 364 n.9.

"A trial court has broad discretion to determine the reasonable amount of an attorney fee award, including whether to increase or decrease the lodestar figure." Jadwin v. Cnty. of Kern, 767 F. Supp. 2d 1069, 1141 n.80 (E.D. Cal. 2011); Ketchum v. Moses, 24 Cal. 4th 1122, 1138, 104 Cal. Rptr. 2d 377, 388 (2001). Although the court has broad discretion in determining attorneys' fee awards, it must provide "some indication or explanation as to how it arrived at the amount of fees awarded." Fair Hous. of Marin v. Combs, 285 F.3d 899, 907 (9th Cir. 2002).

## III. Analysis

In its Motion, Pac Fill seeks $35,126.85 in attorneys' fees and costs, and has submitted billing records and evidence supporting that amount.[2/] Specifically, according to Pac Fill, three

---

[2/] In its Motion, Pac Fill sought $33,370.10 in fees based on its counsel's estimate of the fees it would incur reviewing the opposition and preparing a reply. In its Reply brief, Pac Fill requests fees in the actual amount of fees incurred – $35,126.85.

attorneys and a paralegal worked on the matter, with attorney Garner K. Weng billing at a rate of $877.50 per hour, attorney Zaff Zerounian billing at a rate of $810.00 an hour, Justin Thiele billing at a rate of $612.00 an hour, and Monette Villavicencio billing at a rate of $405.00 per hour. Pac Fill incurred $27,854.10 in attorney's fees comprised of: (1) reviewing and assessing Dashti's counterclaims; (2) researching and preparing the anti-SLAPP motion; (3) reviewing Dashti's opposition briefs; (4) reviewing and filing an objection to Dashti's first Motion for Reconsideration;[3/] and (5) the preparation of this Motion. Pac Fill also seeks to recover $516 in research costs. Since filing the Motion for Attorneys' Fees, Pac Fill incurred an additional $6,756.75 in fees for tasks related to responding the Motion for Reconsideration on the merits, and reviewing the opposition to this Motion and the preparation of a reply.

Dashti's opposes the Motion on several non meritorious grounds: (1) that Pac Fill failed to comply with Local Rule 7-3; (2) that Pac Fill failed to properly serve Dashti; and (3) that the Court's Order granting Pac Fill's anti-Slapp Motion was erroneous. Regarding the fees and costs at issue in this Motion, Dashti argues that Pac Fill fails to establish that the amount requested is recoverable because: (1) the requested fees include work that was not related to the anti-SLAPP motion; (2) Pac Fill seeks to recover fees that have not yet been incurred; and (3) because there are multiple overlapping entries for certain tasks in the time records, Pac Fill fails to establish that the hours claimed in the Motion were reasonably necessary. In his Sur-Reply Dashti argues that Pac Fill's attempt to recover its fees associated with its opposition to the Motion for Reconsideration are beyond the scope of the Court's Order.

Dashti does not challenge the reasonableness of the hourly rates sought by Plaintiff's counsel. Based on the failure to object to the reasonableness of the hourly rates, Plaintiff's evidence submitted in support of the requested rates, and the Court's familiarity with prevailing market rates in the Central District, the Court finds that the requested rates are within the range typically charged by lawyers of comparable skill and experience in the Central District for similar work, and will therefore use those rates in calculating the lodestar figure.

Although Dashti asserts that Pac Fill's counsel's billings were excessive, Dashti argues only that Pac Fill has failed to meet its burden of showing that the amount of time spent is reasonable. Dashti does not identify any specific time entries that are duplicative or unnecessary and that should be reduced as excessive. Moreover, while Dashti generally complains about Pac Fill's internal allocations of billed time to the anti-SLAPP motion, he provides no examples of

---

[3/] The Motion for Reconsideration referenced in Pac Fill's Motion for Attorney's Fees was filed on June 27, 2026 (Docket No. 60), but was struck by the Court for failing to comply with Local Rule 7-3. (Docket No. 72.) The fees associated with this stricken Motion included review of the Motion, and preparing and filing Pac Fill's procedural "Objection." (Docket No. 66.)

how or why any entries were not allocated correctly or were unreasonable. As the Ninth Circuit has observed, the process of awarding attorneys' fees to a prevailing party can often be a "tedious business." Moreno v. Sacramento, 534 F.3d 1106, 1116 (9th Cir. 2008). Therefore, "the burden of producing a sufficiently cogent explanation can mostly be placed on the shoulders of the losing parties, who not only have the incentive, but also the knowledge of the case to point out such things as excessive or duplicative billing practices. If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." Id. After reviewing the billing records submitted by Pac Fill's counsel, the Court has decided that it is appropriate to exercise its discretion to reduce the requested attorneys' fees by 10 percent for general overbilling. See Moreno, 534 F.3d at 1112 ("Nevertheless, the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.")

Moreover, when assessing a fee award under California Code of Civil Procedure § 425.16, the California Supreme Court instructs that "'absent circumstances rendering the award unjust, fees recoverable . . . ordinarily include compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim.'" Ketchum v. Moses, 24 Cal. 4th 1122, 1141, 104 Cal. Rptr. 377 (2001) (quoting Serrano v. Unruh, 32 Cal. 3d 621, 638, 186 Cal. Rptr. 754 (1982)). Dashti's primary argument in opposition to the Motion for Attorneys' Fees is that Pac Fill seeks to recover fees for time spent on matters that were not authorized by the Court's Order, or that were unrelated to the filing of the anti-SLAPP motion. The Court disagrees, except as to one fee category–fees associated with Pac Fill's procedurally improper "Objections" to Dashti's filings.

These fees are disallowed because they were not necessary to bringing the anti-SLAPP motion, or to establishing and defending the fee claim. On the contrary, Pac Fill's "Objections" are procedurally improper, and violate Local Rules 6-1 and 7-19, setting forth the appropriate methods of seeking relief. Despite Pac Fill's repeated assertion of these same rules to attack Dashti's filings, Pac Fill violates those same rules by filing "Objections" that ask the Court to strike filings or take other action, in lieu of filing a properly noticed motion or ex parte application. Pac Fill now asks the Court to award fees associated with those objections, including its objections to Dashti's attempt to file a second opposition brief to the anti-SLAPP motion (Docket No. 49), and to his initial Motions for Reconsideration (Docket Nos. 59, 66). The Court exercises its discretion not to award fees associated with the preparation and filing of pleadings that are unnecessary and procedurally improper.[4/] However, the Court will award the

---

[4/] The corresponding billing entries are found in Exhibit 1 to Pac Fill's Motion: (1) No. 32: 6/16/26–.7 hours of Mr. Weng's time for "Attention to issues re: Dashti's filing of second

fees Pac Fill reasonably incurred in responding to Dashti's Motion for Reconsideration on the merits. See Ketchum, 24 Cal. 4th at 1129-30 (finding all fees necessary to establish and defend the fee claim reasonable, including fees incurred in responding to a motion for reconsideration).

Accordingly the total recoverable fee amount, before the 10% reduction, and after deducting the unrecoverable fees is $33,810.60 ($35,126.85 - $1,316.25). Otherwise, the Court concludes that the hourly rates and amount of time billed by Plaintiff's counsel in this action were reasonable. The Court thus awards attorneys' fees to Plaintiff in the amount of $30,429.54 ($ 33,810.60 - $3,381.06) pursuant to California Code of Civil Procedure §425.16(c)(1).

## Conclusion

For all of the foregoing reasons, and because Plaintiff was the prevailing party for purposes of California's anti-SLAPP statute, the Court grants Plaintiff's Motion and awards Plaintiff attorneys' fees in the amount of $30,429.54. Because the action remains pending and the fee award has not been entered as part of a final judgment, the Court declines at this time to direct that the award be paid within 30 days of the date of this Order. See Fed. R. Civ. P. 54(b), 58, 69.

IT IS SO ORDERED.

---

opposition brief on motion to strike/dismiss, and plans for objections as unauthorized supplemental brief; high-level review of any new/additional arguments" ($614.25); (2) No. 33: 6/16/26–.2 hours of Mr. Weng's time to "Review and revise objections to Dashti's second opposition to motion to strike/dismiss and objections to Dashti's motion on vexatious practice" ($175.50); and (3) No. 34–.2 hours of Mr. Weng's time to "Review and oversee filing of objections to Dashti's improper filings, including motion re: vexatious actions and second opposition to motion to strike/dismiss" ($175.50). (Docket No. 78-3.) There also two billing entries in Exhibit 4 to Pac Fill's Reply brief: (1) 7/21/26–.2 hours of Mr. Weng's time to "Review and revise written objections to Dashti's second motion for reconsideration"($175.50); and (2) 7/23/26 "Review and revise written objections to Dashti's motion for reconsideration now recategorized in Case 3645" ($175.50) (Docket No. 89-1.) The total amount of fees associated with these disallowed billing entries is $1,316.25.